THOMAS HOLLIDAY ET ALS. v. ROBERT B. HARVEY ET ALS.

1. Parol evidence is inadmissible to prove the existence of a decree of Spain, passed while Texas was subject to the authority of that government.
2. The political chief of the province of Texas had no authority to grant land in 1824.
3. Decision in Jones v. Muesbach, 26 Texas, 236, approved without discussion as a rule of property.

APPEAL from Victoria.  Tried below before the Hon.
T. C. Barden.

This was an action of trespass to try title to two leagues
of land situate in the county of Victoria, brought by Hol-
liday and others against Harvey and others.   The title
under which plaintiffs claimed was duly proved and ad-
mitted by the judge in evidence.   It consisted—

1.  Of a petition, dated Espiritu Santo Bay, May 4, 1824,
addressed to the political chief of the province of Texas,
by Jose Antonio Valdez, domiciliated clergyman of the
bishopric, curate in charge, and captain of the national
army of the Three Guaranties, praying for a grant of four
leagues of grazing lands, etc.

2.  The reference of Sancedo on the first of June, 1824,
of the petition to the ayuntamiento of the garrison for a
report, and his report, which was favorable.

3.  The grant, signed by Sancedo on the third of June,
1824, with assisting witnesses.

Proof of the actual survey and execution of the grant
was made by Jose Antonio Manchaca.   It was shown that
Valdez was in possession of the grant from 1824 to 1836;
and possession under him was shown from 1843 to 1850.

To prove the exercise of the granting power by San-
cedo, a number of other grants were offered in evidence,
made by him, which were rejected, and the plaintiffs ex-
cepted.

Verdict and judgment for Harvey and others, defend-
ants, from which plaintiffs appealed.

*Ballinger & Jack*, for appellants, contended that the
grant emanated from authority competent to make it, an-
terior to the general colonization laws requiring the assent
of the supreme executive to grants within the coast
leagues, and was a valid grant; that the conclusion
reached in Jones v. Muesbach, 26 Texas, 231, as to the

absence of power in the political chief to extend title, was erroneous. In support of this position they relied upon the fact that the power was often exercised and never questioned; that John M. Seguin and Don Ramon Marquiz, both of whom succeeded Sancedo as political chiefs of Texas, who were examined as witnesses, testified to the existence of the power, under the royal decree of 1805, and under a decree of the provincial deputation for Texas, which was elected on the fall of Iturbide. These witnesses testified to the destruction of the journals of that provincial deputation.

In support of their position that the existence of the power in the political chief or governor of Texas to make the grant should be presumed, they cited United States v. Aredondo, 6 Peters, 728; United States v. Clarke, 8 Peters, 436; Strother v. Lucas, 12 Peters, 410. This brief contains a review of all decisions bearing on the point involved, and of the early colonization laws, but its length, and the fact that the decision in Jones v. Muesbach is treated by the opinion as a rule of property, prevents its insertion.

*A. H. Phillips*, for appellee Miller, cited Jones v. Garza, 11 Texas, 186; Norton v. Mitchell, 13 Texas, 47.

*F. S. Stockdale*, also for appellees, filed a brief, which has not been received by the Reporters.

OGDEN, P. J.—The record of this case and the documents attached are so badly mutilated and defaced as to render a considerable portion absolutely unintelligible, but from the mass of pleadings and evidence still legible we are enabled to discover that the main question presented for decision is as to the validity of a claim of a grant of four leagues of land, situated in the forks of the San Antonio and Guadalupe rivers, to one Jose Antonio

Valdez, made on the third of June, 1824, by Jose An-
tonio Sancedo, *vocal primero* of the Most Excellent Pro-
visional Deputation of Texas, and Political Chief *ad in-
terim* of said province, and the rights of appellees to
certain portions of the same lands, growing out of their
possession under subsequent titles from the State of
Texas. In Jones v. Garza, 11 Texas, 209, Justice Lips-
comb, delivering the opinion of the court, says in relation
to the authority of Sancedo to grant land : "There is not
the slightest vestige of proof, either written or verbal,
that the political chief of the department of Texas had,
under the authority of Spain or Mexico, until after the
colonization law of 1825, any power to grant or confirm
land titles."

The court in that case, however, admitted that while
the laws and official documents granting such authority
to that office, if in existence and accessible, were the only
evidence admissible to prove the authority, yet if the
written law or written authority could not be procured,
and the power depended upon verbal instructions or cus-
tom, then verbal testimony could properly be resorted to.

Upon the trial of the case now at bar, the authority of
Sancedo to grant lands, as well as the confirmation by the
general government of the grant to Valdez, was attemp-
ted to be established by verbal testimony; but that evi-
dence was admitted over the objection of defendants
below, and we think improperly admitted, because that
evidence established the fact that the power to grant
lands was given, if at all, by the Spanish decree of 1805,
and that the confirmation of this grant was by a special
decree from the government; thus establishing the fact
of the existence of written evidence of that power and
confirmation, which should have been produced, and
which alone was legitimate evidence of the character and
extent of the power and the fact of confirmation.

43

There were other well founded objections taken to the admission of this verbal testimony, which we think should have excluded the same.

The question of Sancedo's authority to grant lands again came under consideration by this court in Norton v. Mitchell, 13 Texas, 50; and though the court held that it was not properly before them for consideration, yet it was said in that case: "We decided (in Jones v. Garza) that the political chief had no such power, and if the same question was now presented in this case we would regard it as settled, being fully satisfied with its correctness."

Again, the same question was presented to this court in Jones v. Muesbach, 26 Texas, 236. This was a second suit brought upon the case reported in 11 Texas. In this case also the authority of the political chief was attempted to be established by verbal proof; and after a thorough review of the whole question, Chief Justice Moore, in delivering the opinion of the court, says: "But we can see nothing in this testimony, or of the laws to which we have been referred, to induce us to doubt the correctness of the judgment of the court in plaintiffs' first suit, against the validity of the title."

We have read with great care and interest the able and learned brief of counsel for appellants; and if the question discussed was now for the first time before the court for determination, the argument and authorities so forcibly presented might demand very grave consideration. But the question has long since been decided, and, as Justice Lipscomb said in 1854, settled by the highest court of the State, and as various interests have necessarily grown up, under the faith of the permanency of the decisions made, we are not convinced that it is now our duty to reopen that question, and unsettle the rights and interests of parties which have been enjoyed for over

twenty years under the authority of the solemn judgments of this court.

There is manifest error in the charge of the court to the jury; but as under this opinion no injury could result from the error to appellants, we shall not disturb the judgment on that account.

The judgment of the District Court is affirmed.

AFFIRMED.