INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
J. W. McCRARY.

Decided November 16, 1910.

Carriers of Animals—Negligence—Contributory Negligence.

Evidence considered in an action for loss of a horse, sick when delivered to the owner by the railway transporting it, and held to show contributory negligence by the latter, causing its death, in riding the horse thirteen miles on a hot day while in such condition, which would support a peremptory charge to find for defendant. The evidence is also held insufficient to show that the sickness of the horse was due to negligence by the carrier.

Appeal from the County Court of Robertson County. Tried below before Hon. B. D. Axtell.

*King & Morris* and *Doremus & Butler,* for appellant.

No briefs for appellee.

RICE, ASSOCIATE JUSTICE.—This suit was brought to recover damages for the death of a horse, alleged to have been caused by the negligent delay and rough handling by appellant while in transit over its line of railway. There was a verdict and judgment in behalf of appellee for the sum of $250. Among other defenses urged by appellant was that of contributory negligence on the part of appellee.

The facts, briefly stated, show that appellee, through his agent, shipped the horse in question from Denton, Texas, on September 16, 1909, over the Texas & Pacific Railway to Franklin, Texas, via the I. & G. N. railroad, and that the horse arrived at Hearne, an intermediate station on the latter line, on the 19th; that appellee intercepted said shipment at said place, and, upon demand, the horse was turned over to him, and that he rode him from Hearne to his home at Franklin, a distance of 13 miles, where the horse died the next day. It appears, without question, from all the evidence that when the appellee received the horse it was sick and suffering; that he then placed him in a stable, but the horse refused to eat or drink, and some two hours thereafter, while the horse was still sick and suffering, he saddled him about two o'clock in the afternoon, the day being very hot, and rode him to his home in Frank-

Vol. LXIII Civil-1.

lin, reaching there about seven o'clock; and that from two o'clock to five of that day was the hottest part of the day. Appellee weighed some 200 pounds or over, and he admitted that he knew the horse was sick when he received him at Hearne; that he did not have him treated, and that while he rode him the horse continued to get worse, but that he did not stop on that account. He admitted that the riding of the horse in this condition might have contributed to his death. The liveryman, after testifying to substantially the same facts with reference to the horse's being sick as did the plaintiff, also stated that if horses are in a car any length of time they become nervous, fatigued and stiff, and it is generally better to let them rest up a day or so before using them. It further appears that the horse was watered upon arrival at Hearne, and that there was hay in the car. It was shown that there was no rough handling while in transit, and while there was some delay in the shipment, yet the evidence fails to disclose that this occasioned the sickness.

Appellant on the trial requested, but the court refused to give, a special charge instructing a verdict in its favor on the ground of contributory negligence on the part of plaintiff, and this action of the court is assigned as error. We are inclined to believe that this charge should have been given. We think the evidence clearly discloses that appellee was guilty of contributory negligence in thus taking and using the horse while he was sick, and therefore was not entitled to recover. If it be conceded that the delay brought about the sickness, which is by no means evident, still, if plaintiff contributed to the loss by his want of ordinary care in the subsequent use of the horse in his then condition, he would not be entitled to recover. In treating of this subject, Mr. Beach in his work on Contributory Negligence, section 19, says: "The two essential elements in contributory negligence are a want of ordinary care on the part of the plaintiff, and a causal connection between that and the injury complained of, the rule being that a plaintiff can not recover damages for an injury he has sustained, if the injury could have been avoided by the exercise of ordinary care on his part." He further says in the same section: "But while extraordinary care is not to be required of a plaintiff who brings an action of negligence, and although slight negligence on his part will not defeat a recovery, it is held that *the slightest want of ordinary care* contributing proximately to the injury will do so." See also Houston & T. C. R. Co. v. Gorbett, 49 Texas, 573.

Under the circumstances disclosed by the record, was it the duty of the court to tell the jury that plaintiff, as matter of law, was guilty of contributory negligence? While we are aware that it is the exception to the rule where it becomes the duty of the court to do so, because ordinarily the question of negligence *vel non* is one of fact for the jury, still, we are inclined to the opinion that this case falls within the exception to the general rule. Would a man of ordinary prudence, weighing 200 pounds, with the knowledge of the fact that the horse was sick and suffering, ride him a distance of 13 miles on a hot day, and have continued to so ride him when he appeared to be getting worse? We think not, but

believe that a man, in the exercise of ordinary care, would have refrained from using him; and, on the contrary, would have had him treated before so doing, and that his failure so to do was negligence which contributed to the death of the horse. We do not think that there would be any ground for difference of opinion with reference to this. Reasonable minds could draw no other inference or conclusion, we think, than that the plaintiff was at fault in so riding the horse and that the death resulted therefrom. If so, it would be the province of the court to say, as matter of law, that this constituted contributory negligence that would defeat recovery. See sec. 447, Beach on Contrib. Neg. Also Walker v. Herron, 22 Texas, 55; Hale v. Dutant, 39 Texas, 670; Western U. Tel. Co. v. Jeans, 88 Texas, 230.

It is also insisted in this case that the evidence is insufficient to warrant the verdict, on the ground that there is nothing to show that the horse came to his death by the negligence of appellant; but, on the contrary, that the evidence disclosed that the same resulted from natural causes, towit, the sickness of the horse, not shown to have been brought about or occasioned by the negligence of appellant. We are disposed to think that this assignment is likewise well taken.

Believing that the court erred in failing to instruct a verdict in behalf of appellant, and that the evidence is likewise insufficient to warrant the verdict and judgment, the judgment of the court below is reversed and rendered in behalf of appellant.

*Reversed and rendered.*