## J. G. WALKER v. ANDREW HERRON.

The following charge, given in the court below, held to be erroneous, viz : "The "plaintiff would not be guilty of such negligence as would preclude him, in "a proper case, from recovering, if he was guilty of no other negligence than "permitting his stock to remain in the range, which he used with others as "public range, before the diseased stock of defendant made its appearance. "If, however, plaintiff, or his agent, knowingly permitted his stock to run with "the diseased stock of defendant, on that portion of defendant's own land, "where defendant's stock were kept and herded, after having knowledge of "the disease, and thereby his stock became diseased, and his loss resulted, he "would not, in that event, be entitled to recover."

The first part of this charge would leave the impression that, if the plaintiff's stock were in that range, he having before that time used it in common with others, it was not negligence in him to let them remain there as before, and if loss resulted to the plaintiff, the defendant would be responsible: this is not correct.

When the plaintiff was warned of the danger, it was equally incumbent on him to keep his stock away from the defendant's, as it was upon the defendant to keep his upon his own premises, and prevent their running at large and communicating the disease to the plaintiff's stock.

If there was danger, and the plaintiff was apprised of it, and by the use of ordinary diligence, could have avoided the injury to his own stock, his failure to do so, was negligence, and he cannot hold the defendant responsible.

If the plaintiff negligently suffered his stock to mix with the defendant's, upon defendant's premises, or elsewhere, having been apprised of the danger, he could not recover.

But the principal objection to the latter part of the charge is, that it leaves an inference that, to prevent a recovery, the injury must have been occasioned solely by the plaintiff's negligence, suffered in a particular manner.

To entitle the plaintiff to recover, he must have satisfied the jury, that he had used ordinary care, or that the injury was wholly attributable to the defendant's fault.

The jury having asked, "Would defendant's enclosed lands be considered "his premises? If yea, and the defendant, or agent, permitted his stock to run "at large, at night, would it be negligence in the plaintiff, or agent, to suffer "his stock to do the same?" To which the court answerd: "It would not." Held, objectionable, as a charge upon the weight of evidence.

It was also erroneous, in making defendant's negligence an excuse for the plaintiff's.

The rule of law, in this class of cases is, that if by ordinary care, the plaintiff might have avoided the consequences of the defendant's negligence, he is not entitled to recover.

APPEAL from Guadalupe. Tried below before the Hon. A. W. Terrell. Suit by appellee, for damages sustained from loss of horses in consequence of a contagious disease taken by appellee's horses, from those of appellant; and which were brought by appellant into the range where appellee's had previously been kept.

Each of the parties had stock-pens upon their own lands, which were in the same stock-range. Appellee's horses were in the range, at the time appellant brought his stock home. Appellant's horses, at that time, appeared well, but in about ten days, the disease broke out among them. There was testimony on the part of appellant, that he had given warning to his neighbors, and to the appellee, among others, to keep their horses away from his, on account of the disease among them.

As the case turned entirely upon the charge of the court to the jury, which is quoted in the opinion, it is unnecessary to state the facts more fully.

Walker v. Herron.

*Jno. Ireland,* for appellant. This case cannot be distinguished from that long list of cases found in the books, under the title of " negligence," or " negligence of both parties."

We understand the law to be, in all actions of this character, that if the plaintiff has been guilty of any negligence, no matter how slight, he cannot recover ; for, say the courts, it must clearly appear that the plaintiff has not, in the slightest degree, contributed to his own loss; and the following authorities are submitted in support of this position. And on this point, the verdict is against the evidence : see testimony of Awalt, Hodges, Gillespie, and Hamilton.

Wood v. Waterville, 5 Mass. Rep. 294; Fleytas v. Pontch. R. R. Co. 18 La. Rep. 339 ; Lesseps v. Pontch. R. R. Co. 17 La. Rep. 361 ; Smith v. Smith, 2 Pick. Rep. 621 ; 3 Stark. Ev. 986 ; Harlow v. Humiston, 6 Cowen Rep. 187 ; Bush v. Branard, 1 Cowen Rep. 78 ; Thompson v. Bridgewater, 7 Pick. Rep. 187 ; Lane v. Crombie, 12 Pick. Rep. 176 ; Williams v. Holland, 6 C. & P. 23 ; Pluckwell v. Wilson, 5 C. & P. 375 ; 19 Wendell, 401 ; 21 Ibid. 619 ; 3 Ibid. 391 ; Brown v. Maxwell, 6 Hill's Rep. 592 ; 12 Barbour, 419 ; 18 Mo. Rep.; 23 Conn. Rep. 101, 339, 437 ; Autocrat and Magnolia, Shute v. Gosslee, and Goslee v. Shute, Circuit Court La., 3 Am. Law Reg. 465 ; 2 Greenl. Ev. § 473 ; Munger v. Tonaw. R. R. Co. 4 Com. Rep. 349 ; Galena R. R. Co. v. Fay, 16 Ill. Rep. 558.

*Chandler, Turner,* and *J. J. Thornton,* for appellee. The first error assigned relates to the inquiry of the jury as to whether, if the defendant suffered his stock to run at large, at night, if it would be such negligence on the part of the plaintiff, to suffer his own to run at large, at night, as would preclude his recovery, to which the court answered, " it would not." The court in its general charge, (record, page 13,) added a proviso to the charge, that caused the jury to make the inquiry.

This answer was clearly right, because in our State all lands not enclosed are common ; and the defendant could only be required to control and pen his stock, because of the infectious disease which rendered them dangerous and a public nuisance.

The right of the plaintiff depends upon the rule of law which declares, that no man shall use his own property in a manner that causes injury to another, without being liable. We admit the defendant's right to keep horses, and to graze them on any unenclosed lands; but we do not admit that he has a right to keep horses that are a nuisance, and that have a contagious and fatal disease, when others will suffer thereby; and not be responsible to the persons injured.

This principle is found, wherever the question has been made, and so universal is the rule, that it has become a legal maxim. (Broom's Legal Maxims, 25; Scott v. Bay, 3 Md. Rep., the closing paragraphs, pages 445, 446; Fish v. Dodge, 4 Denio Rep. 311; Boughton v. Carter, 18 Johns. Rep. 405.)

The only exception to this rule is, where the act complained of is done by public authority, and for the public good. This doctrine is reviewed in the case of Hooker v. The New Haven & North. Co. 14 Conn. Rep. 146; also 1 Eng. C. L. Rep. 500.

WHEELER, CH. J. The exception to the third instruction of the court, and the response of the court to the question propounded by the jury, we think well taken.

The instruction is as follows: "The plaintiff would not be "guilty of such negligence as would preclude him, in a proper "case, from recovering, if he was guilty of no other negligence "than permitting his stock to remain in the range, which he "used with others as public range, before the diseased stock of "defendant made its appearance. If, however, plaintiff, or his "agent, knowingly permitted his stock to mix with the diseased "stock of defendant, on that portion of defendant's own land, "where defendant's stock were kept and herded, after having "knowledge of the disease, and thereby his stock became "diseased, and his loss resulted, he would not, in that event, be "entitled to recover."

The proof is, that after the defendant bought his stock, and brought it upon his premises, the disease made its appearance. There is no pretence, that he knew that the stock was diseased,

when he brought it there.  He then, undoubtedly, had the right to keep it there, upon his own premises, warning his neighbors to keep their stock away, and using all the means reasonably within his power to prevent the communication of the disease. If, as soon as he discovered, or had reason to believe, his stock were infected with a contagious disease, he gave such warning, and used such means, to prevent injury to them, and they negligently suffered their stock to remain exposed to the contagion, and injury resulted to them, he clearly could not be held liable therefor.  But the first part of the charge would leave the impression, that, if the plaintiff's stock were in that range, he having before that time, used it in common with others, it was not negligence in him, to let them remain there as before ; and if loss resulted to the plaintiff, the defendant would be responsible.  This is not correct.  It was as much the duty of the plaintiff, as it was of the defendant, when the disease was discovered, to use all the care and diligence reasonably within his power, to prevent the communication of the disease.    When warned of the danger, it was equally incumbent on him to keep his stock away from the defendant's, as it was upon the defendant, to keep his upon his own premises, and prevent their running at large and communicating the disease to the plaintiff's stock.  It was not correct to say, in effect, that because the plaintiff's stock had previously run at large, in the range where the defendant's now were, it was not negligence in the plaintiff to suffer his to remain there as before.  If there was danger, and he was apprised of it, and by the use of ordinary care and diligence, could have avoided the injury to his own stock, his failure to do so, was negligence, and he cannot hold the defendant responsible.

The last part of the charge, in some measure, qualifies the first part ; but it conveys the idea, by clear implication, that to defeat the plaintiff's right to a recovery, the jury must be satisfied that the plaintiff, having knowledge of the disease, knowingly permitted his stock to mix with the defendant's, upon the defendant's premises, and that *thereby* the injury resulted.

If the plaintiff negligently suffered his stock to mix with the defendant's, upon the defendant's premises, or elsewhere, having been apprised of the danger, the consequence, upon his right to recover for any injury he may have sustained thereby, would be the same as if he knowingly permitted it. But the principal objection to this part of the charge is, that it implies that the plaintiff is entitled to recover, unless the injury was occasioned by his own negligence, in permitting his stock to mix with the defendant's, on the defendant's land; leaving the inference, that to prevent a recovery, the injury must have been occasioned solely by the plaintiff's negligence, suffered in a particular manner. It would, perhaps, be impossible for the jury to decide, that the injury resulted from the mingling of the stock upon the defendant's land, rather than elsewhere; or where, or how it was, that the disease was communicated from the one stock to the other. Yet, under this charge, if the evidence did not satisfy them, that the injury resulted from the particular act of negligence, and under the particular circumstances mentioned in the charge, they would naturally conclude that the plaintiff was entitled to recover. But this would not be correct. To entitle the plaintiff to maintain the action, he must satisfy the jury that he had used ordinary care. Otherwise, it cannot be certain, that he was not himself the cause of his own injury. If he was negligent, it cannot be known, whether the injury was wholly imputable to the defendant, or to the fault of the plaintiff himself. If both were negligent, and thereby injury ensued to the plaintiff, though it could not certainly be known, whether the injury was caused at one time or another, or in what particular manner it was occasioned, the plaintiff was not entitled to maintain the action. To entitle the plaintiff to recover, he must have satisfied the jury, that he had used ordinary care, or that the injury was wholly attributable to the defendant's fault.

It does not distinctly appear by the record, that the question to which the court responded, was propounded by the jury. But it is conceded in argument, that it was; and that is certainly more probable, than that it was propounded and answered by

the court.    In its bearing upon the case, it is not very material, whether it occurred in the one way or the other, as it was made to constitute a part of the instructions to the jury.    It is thus : "Would Walker's unenclosed lands be considered his premises ? "If yea, and Walker, or agent, permitted his stock to run at large, "at night, would it be negligence on the part of Herron, or agent, "to suffer his stock to do the same ?"    To which the court answered : "It would not."    This answer was objectionable, as being a charge upon the weight of evidence.    It was telling the jury that a particular act of the plaintiff was not negligence. But it was erroneous in point of law.    It was making the defendant's negligence, an excuse for the plaintiff's ; and so it was doubtless understood by the jury.    The idea conveyed to their minds must have been, that if the defendant was careless in letting his stock run at large at night, the plaintiff might do the same thing, and the defendant alone would be responsible for the consequence of their mutual negligence.    Whereas, the law is otherwise ; and holds that, if the fault was mutual, the plaintiff cannot recover.    If the defendant was negligent, and suffered his stock to run at large, that was no reason why the plaintiff should be negligent also, but rather the reverse.    It would seem to suggest the necessity of greater care and diligence on his part to prevent injury ; of which there would be more danger, certainly, than if the defendant had kept his stock closely confined.    It would seem, that the instruction was not correct, either as matter of law or fact.    The rule of law in this class of cases, is, that if by ordinary care the plaintiff might have avoided the consequences of the defendant's negligence, he is not entitled to recover.    It is said by Mr. Green-leaf, that "The case of faults on both sides is one of great "embarrassment ; but the result of the authorities seems to be "this, that the burden of proof is on the plaintiff, to show that, "notwithstanding any neglect or fault on his part, the injury "is in no respect attributable to himself, but is wholly attribu-"table to the misconduct on the part of the defendant, as the "proximate cause."    "If the fault was mutual, the plaintiff

"cannot recover." (2 Greenl. Ev. § 473 and cases cited; 2 Robinson's Prac. 659, 660, 661 and cases cited.) It is to be observed, that the counsel for the defendant does not appear to have called the attention of the court to these principles of the law, as applicable to the case, by asking proper instruction; and this accounts, doubtless, for what we consider to be the error in the charge. Had the view we have taken been suggested, it would, doubtless, have been adopted by the court. But, as it is apprehended, the error in the charge may have misled the jury, the judgment must be reversed, and the cause remanded.

Reversed and remanded.