## W. J. CLAYTON v. EVA L. PRESTON.

(Case No. 1036.)

1. JUDGMENT.— A judgment rendered in the district court after the death of the original party plaintiff or defendant, can only be regarded on appeal as unauthorized and void, when the transcript fails to show that the legal representative of the deceased party was made a party in the court below.

APPEAL from Wharton. Tried below before the Hon. William H. Burkhart.

*I. N. Dennis*, for appellant.

*Pettecolas & King*, for appellee.

MOORE, CHIEF JUSTICE.— This suit was brought by appellant, W. J. Clayton, in the district court of Wharton county, March 1, 1878, against Tilson C. Barden, alleged to be a citizen of Victoria, for the recovery of damages which Clayton avers he had sustained by reason of a violation by Barden of a contract by which the latter leased to the former for a term of years a plantation sit-

uated in Wharton county, and for the alleged wrongful and forcible seizure and taking from his possession in said Wharton county, of certain mules and other personal property, which he claims were at the time of said seizure rightfully in his possession on said plantation. The defendant Barden, on the 8th of June, answered by a plea in abatement to the jurisdiction of the court. By general and special exceptions, etc., etc.

June 14, 1877, the case was continued with leave to both parties to amend. December 3, 1877, the death of defendant, Barden, was suggested, and the case continued, to make his legal representatives parties. June 3, 1878, it was again continued for a like purpose.

At the succeeding term of the court, judgment was rendered as follows, to wit: "W. J. Clayton v. Eva L. Barden, surviving wife of T. C. Barden, deceased. December 16, 1878, this cause coming on this day to be heard upon defendant's plea in abatement, and being argued by counsel, it is the opinion of the court that the law is with the defendants; the said plea in abatement is sustained and the cause dismissed," etc., etc. From this judgment the plaintiff prosecutes this appeal.

In the brief of appellee it is incidentally stated that "Mrs. Barden, surviving widow, was made defendant," which may suggest a doubt whether the transcript, as it comes before us, is entirely accurate. Be this, however, as it may, we can only act upon it as we find it, and as the case is presented by the transcript before us. There was no party defendant to the action when it was heard and determined in the district court, and the judgment pronounced by it was unauthorized and void. The only judgment we can render is, that it be reversed and remanded to the district court, that proper parties be made, or the case abated for failure to do so.

It may not be amiss to add, if parties had been made so as to have warranted the judgment upon the plea in

abatement, in our opinion it would have to be reversed. For though it may be that the suit was not properly cognizable in the district court of Wharton county, in respect to several grounds of complaint presented in the petition, yet the court certainly had jurisdiction of the alleged trespass by the seizure and taking away of the personal property.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 7, 1881.]