### DILLARD v. W. R. KYSER & CO. (No. 6920.)

(Court of Civil Appeals of Texas. San Antonio. April 11, 1923.)

I. **Appeal and error ⬅755—Venue ⬅32(2) —Plea of privilege is personal and may be waived, and is not fundamental error requiring review, though no brief is filed.**

A plea of privilege is personal, and may be waived or lost by acts constituting a waiver, nor is it fundamental in nature, so that a denial of it would constitute fundamental error apparent of record and warrant review by an appellate court, though no brief was filed by appellant.

2. **Appeal and error ⬅765—Clerk of appellate court not required to notify appellant to file brief.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2115, requiring that "Not less than five days before the filing of the transcript in the Court of Appeals the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief," the clerk of the Court of Civil Appeals is under no obligation to inform appellant that he ought to file a brief.

3. **Appeal and error ⬅817—Clerk not required to give notice of time of submission of cause to other than attorneys of record.**

The clerk of the Court of Civil Appeals is not required to ascertain if a party has secured counsel other than as indicated by the record, and, where it appears that due notice of the time of submission of a cause was given to the counsel of record, and the case thereafter dismissed because no brief had been filed, the fact that attorneys who appeared for appellant in support of a motion to reinstate had not had any notice of the time of submission will not warrant a reinstatement; there being no showing of any compliance with rule No. 17 (142 S. W. xi), requiring counsel who wish to be recognized to either file a brief or enter an appearance.

Action between John A. Dillard and W. R. Kyser & Co. On motion for reinstatement of cause dismissed because no brief was filed. Motion overruled.

FLY, C. J. Heretofore, at the instance of appellees, this cause was dismissed because no briefs had been filed in the cause by appellant, although the record had been on file in the Court of Civil Appeals since March 16, 1922. Appellant seeks a reinstatement of the cause, and asserts that this court should consider the action of the lower court in overruling a plea of privilege, because "the error complained of in the ruling of the trial court is jurisdictional, and therefore fundamental and apparent of record."

[1] The plea of privilege is a personal one which can be waived whenever desired, and, even when not desired, by acts constituting waiver. There is nothing fundamental about an order denying a plea of privilege. The judgment recites "that said plea of privilege was not called to the attention of the court, and no action demanded thereon during the September, 1921, term, which began on September 5, 1921." The next term began on December 5, 1921, and on December 22, 1921, the court overruled the plea of privilege, the judgment reciting that the matter was heard on the plea of privilege and controverting affidavit. For nearly four months appellant made no effort to call the court's attention to the plea of privilege, and then it was allowed to incubate in the Court of Civil Appeals for a year without any notice or attention on the part of appellant. It might be inferred that appellant takes very little interest in the matter.

[2] Appellant seems to labor under the mistaken idea that he was under no duty to file briefs in the appellate court until he was notified so to do by the clerk of this court. Article 2115, Vernon's Sayles' Civ. Stats., provides:

"Not less than five days before the time of filing of the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief, which shall be by the clerk deposited with the papers of the cause, with the date of filing indorsed thereon; and the clerk shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and that in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and with the clerk of the Court of Civil Appeals four copies."

Not only was this provision of the law ignored, but for a year after the record was filed in the appellate court no briefs were filed, and no brief was tendered until this cause was dismissed. The clerk of the Court of Civil Appeals was under no obligation to inform appellant that he ought to file a brief, but that was peculiarly his affair, and not that of the clerk.

[3] The motion for reinstatement is filed by attorneys who are not shown by the record to be attorneys in the cause, the only attorney whose name is signed to the pleadings in the court below being that of Paul H. Welch, and due notice of the time of submission of this cause was given him by the clerk of this court. By Paul H. Welch the record

was applied for to the district clerk, and to him it was delivered on March 14, 1922. No duty devolves upon the clerk of this court to make an investigation to ascertain if a party had secured other counsel, but it is the duty of such counsel, if they wish to be recognized in this court, to either file a brief or enter an appearance as provided in rule 17 for Courts of Civil Appeals (142 S. W. xi).

The agreement for briefs to be filed in 30 days before submission in the Court of Civil Appeals has no date, and would not control in this case if it was regular in all respects. It does not show that it was ever filed. One member of the firm of McGown & McGown swore that he received no notice of the submission, but does not negative the idea that his partner did not receive it. However, there was no way for the clerk of this court to know that the firm named had any connection whatever with this case.

The motion to reinstate is overruled.