**ATLANTIC MUTUAL INSURANCE COMPANY and Lawyers Surety Corporation, Appellants,**

v.

**FARMERS COOPERATIVE ASSOCIATION, Appellee.**

**No. 6150.**

Court of Civil Appeals of Texas, El Paso.

March 24, 1971.

Stubbeman, McRae, Sealy, Laughlin & Browder, Rush Moody, Jr., Midland, Little & Little, Jack Little, Big Spring, for appellants.

J. R. Blumrosen, Lubbock, for appellee.

## OPINION

PRESLAR, Justice.

This is a venue matter in which the trial court overruled the respective pleas of privilege of the appellants following a hearing held jointly by agreement of the parties. We affirm.

Suit was instituted by appellee, Farmers Cooperative Association, against Atlantic Mutual Insurance Company, Lawyers Surety Corporation, and Trinity Universal Insurance Company, alleging that the three were jointly and severally liable for a loss sustained by the Co-op through the dishonesty of a Co-op employee. Trinity Universal is not a party to this appeal. Each of the appellants had issued its fidelity bond to the appellee insuring against loss which might be sustained by fraudulent or dishonest acts of employees.

■ Appellee sought to maintain venue in Martin County under exceptions 28 and 29A of Art. 1995, Vernon's Ann.Civ.St., and Art. 7.01, Insurance Code, V.A.T.S. The judgment of the trial court is correct if venue is maintainable under any one of the three, and we are of the opinion that it is maintainable under Art. 7.01 of the Insurance Code, same being a special venue provision as provided by exception 30 of Art. 1995:

"Art. 7.01.   Venue of Suit on Bond; Service

"If any suit shall be instituted upon any bond or obligation of any insurance company licensed in this State and having authority to act as surety and guarantor of the fidelity of employees, * * * the proper court of the county wherein said bond is filed shall have jurisdiction * * *. Such guaranty, fidelity and surety companies shall be deemed resident of the counties wherever they may do business, and the doing or performing of any business in any county shall be deemed an acceptance of the provisions of this Act."

By requests for admissions procedure it was established that each of the appellants was an insurance company licensed in this state and having authority to act as surety and guarantor of the fidelity of employees. On their face the bonds show to be issued to the appellee and list its principal place of business on one as "Stanton, Texas", and on the other as "Stanton, Martin County, Texas". Testimony was that the business consisted of the operation of a cotton gin and a co-op store located in Martin County, and that was where the covered employees performed. The issuing of the policies to a Martin County business firm, and insuring the fidelity of employees in their operation of this business in Mar-

tin County, constituted doing business in Martin County within the meaning of Article 7.01. Each, then, was deemed to be a resident of Martin County, the county of suit.

■ Appellants assign error in respect to the pleading of the plaintiff-appellee in that essential venue facts were not alleged in the petition, but appeared for the first time in the controverting affidavit. The record does not reflect that any exception was taken to the pleadings, or that any objection on that ground was lodged against the introduction of evidence. Under Rule 90, Texas Rules of Civil Procedure, "Every defect, omission or fault in a pleading either of form or of substance" which is not specifically pointed out by motion or exception in writing, is waived. See, also, the authorities cited in Volume 1, McDonald Texas Civil Practice, § 4.49, p. 596, for the statement: "Failure to call the court's attention to defects in the controverting plea before the court renders its order on the plea of privilege, even defects of substance, will waive the error. Moreover, under Rule 67, the venue issues, or constituent fact issues thereof, may be tried outside the formal written pleadings by express or implied consent." Appellants have waived any complaint as to the form or substance of the pleadings, and assignments of error relating thereto are overruled.

■ Appellants each urge that there was non-compliance with the terms of their bonds in that notice of loss was not timely given and proof of loss was not timely supplied. We overrule these assignments of error for the reason that they are matters for the trial on the merits and are not issues determinative of the venue. Trial on the merits determines the questions of the defendants' liability, while the venue trial determines the existence of facts making applicable one of the exceptions enumerated under Art. 1995. The sole issue on the venue hearing is that of the venue facts—not liability or the merits

of the case. Dealers National Insurance Company v. Rose, 396 S.W.2d 535 (Tex. Civ.App. Waco, 1965, n. w. h.); Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ Appellant Atlantic Mutual asserts that the court was without jurisdiction to rule on the venue question because the amount in controversy as to it is established by the proof to be less than the jurisdictional amount. As we view the record, no hearing was had on the question of jurisdiction, and no ruling has been made on it. Atlantic Mutual takes the position that by the very act of ruling on the venue question, the court assumed, and decided the jurisdiction. The record before us contains Atlantic Mutual's "Plea to the Jurisdiction", which follows its Plea of Privilege in order of filing, and begins with the recitation: "SUBJECT TO and without waiving the above and foregoing plea of privilege * * *". The Statement of Facts contains an exchange between court and counsel which indicates that only the venue matter was before the court at that hearing. The jurisdiction question is yet to be determined by the trial court and is not before us on this appeal.

The judgment of the trial court is affirmed.