**ANDERSON COMPANY, Appellant,**

v.

**SOUTH TEXAS PLANTING SEED ASSOCIATION, Inc. et al., Appellees.**

**No. 637.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 16, 1971.

Rehearing Denied Nov. 18, 1971.

Adams, Graham, Lewis, Jenkins & Graham, Marshall Graham, Harlingen, for appellant.

Chavez & Barnard, Melchor Chavez, Harlingen, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, Gary Gurwitz, McAllen, for appellees.

OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Hidalgo County, Texas, overruling the plea of privilege of appellant to be sued in Brazos County, Texas.

This suit was instituted by Steve Galloway, South Texas Planting Seed Association, Inc., Cotton Seed Delinting and Treating Company, and Mercedes Canning Co., Inc., plaintiffs, against Hartford Accident and Indemnity Company and Anderson Company, defendants. Hartford Accident and Indemnity Company was alleged to be a stock insurance company incorporated in the State of Connecticut with a certificate of authority to transact business in Texas. Anderson Company was alleged to be "an insurance agency incorporated under the State of Texas with its office and principal place of business in Bryan, College Station, Texas."

The defendant Hartford Accident and Indemnity Company appeared and answered in the trial court without raising any question concerning venue. The defendant Anderson Company, appellant here, filed its pleas of privilege asserting its right to be sued in Bryan, College Station, Brazos County, Texas, where its principal place of business and general office is located. Appellees' controverting affidavit relied upon Subdivisions 5, 9a, 23, 28 and 29a, Art. 1995, Vernon's Ann.Civ.St., to sustain venue in Hidalgo County. Findings of fact or conclusions of law were not requested or filed.

The cause of action asserted by appellees against Hartford Accident and Indemnity Company was in substance as follows: Appellees had purchased a policy of comprehensive general liability insurance from Hartford, through Anderson Company, covering the period January 1, 1969 to January 1, 1970. On January 21, 1969, appellees delinted 550 bags of cotton planting seed for Starr Gin Company of Rio Grande City, Texas. Due to a defective van axle a processing error was committed and a total of 1330 bags of acid delinted cotton seed were damaged, including the 550 bags of Starr Gin Company. The damage to that company amounted to $6,275.00. After discovery of such damage appellees gave notice to Hartford and an investigation was conducted by Mr. Jerry Brooks, its claims representative. Hartford then denied liability. Appellees called upon Hartford to defend the claim of Starr Gin Company but Hartford refused to do so or to negotiate with the claimant. Appellees then settled the claim of Starr Gin Company for $2,750.00 and incurred expenses of approximately $250.00 in removing and hauling the damaged seed. Appellees claim that Hartford is liable to them under the provisions of its insurance policy for those amounts and, additionally, that appellees are entitled to recover $1,250.00 as reasonable attorneys fees in connection with the above-described claim of Starr Ginning Company.

The cause of action asserted by appellees against Anderson Company is set out in paragraph VII of their original petition as follows:

"In the event that the HARTFORD ACCIDENT AND INDEMNITY COMPANY'S insurance policy in question does not afford coverage to the Plaintiffs for the damages in question, then the Plaintiffs would show the Court in the alternative, that at the time of the purchase of the policy from the ANDERSON COMPANY, the Plaintiffs requested insurance coverage for particular incidents such as the one before this Court, and the ANDERSON COMPANY represented to the Plaintiffs herein that the policy being sold through them to the Plaintiffs herein and issued by the HARTFORD ACCIDENT AND INDEMNITY COMPANY was a comprehensive general liability policy which afforded coverages as requested by the Plaintiffs and that it in fact covered damages and losses such as the one made the subject of Starr Gin Company's claim against the Plaintiff. If in fact the policy in question does not afford this coverage, then the Plaintiffs show the Court that the ANDERSON COMPANY erred in writing the policy in question and omitted from the policy the specific coverage that the Plaintiffs desired and said ANDERSON COMPA-

NY is therefore liable to the Plaintiffs herein for their losses and damages as above set forth."

The only witness at the hearing of the plea of privilege was Mr. Steve Galloway, one of the plaintiffs. He testified in substance as follows: He is an officer of all the appellee corporations or companies. He identified an insurance policy issued by Hartford through Anderson Company to the various companies he owns or is interested in. He contacted the Anderson Company of Bryan, Texas, after receiving a recommendation to the effect that said company had the type of insurance he was looking for. Mr. Galloway said that he was inquiring about a type of insurance that would cover appellees' operation in case of loss due to a mechanical deficiency in the various phases of their operation in processing seed for the public and themselves. The operations included custom delinting for the public and also raising certified seed, delinting and selling it. Mr. Galloway testified that he contacted Mr. Joe Vinson of Anderson Company and asked for that type of coverage, and Vinson said that in the event of a loss due to a mechanical defect or deficiency in their operation, that appellees would be covered. The conversations and representations mentioned were oral, over the telephone. The policy was delivered by mail at Mercedes, Hidalgo County, Texas. Mr. Galloway said he advised the agent where the property was located and the type of business engaged in by appellees. Mr. Galloway testified that three different parties made claims in connection with damaged seed. He conceded that the damage was caused by equipment which did not operate properly. Mr. Jerry Brooks of Hartford Accident and Indemnity Company investigated the claim and told Mr. Galloway that appellees did not have coverage. Appellees then retained attorneys who settled the claim of Starr Gin Company. Mr. Galloway further testified that he requested a specific coverage from Anderson Company, but that Hartford denied such coverage and this resulted in paying Starr Gin Company

a sum of money. The company actually processing the seed when it was damaged was South Texas Planting Seed Association. The damage to the seed and the claim of Starr Gin Company occurred in Hidalgo County, Texas.

■ Appellant's six points of error assert in substance that venue cannot be sustained in Hidalgo County, Texas, under any of the five subdivisions (5, 9a, 23, 28 and 29a) of the venue statute relied on by appellees. "No evidence" contentions are involved except in point 5. That point involves a contention of factual insufficiency as to subdivision 9a of Art. 1995. We have concluded that the trial court properly overruled appellant's plea of privilege under subdivision 23 for the reasons to be stated, and that extensive discussion of the other involved subdivisions is not necessary.

Appellant's only complaint concerning Subdivision 23, Art. 1995, V.A.C.S., is asserted in its point three reading as follows:

"The Trial Court erred in overruling Defendant's Plea of Privilege, there being no evidence that Anderson Company had an agency or representative in the county where the alleged cause of action or part thereof arose, upon which a finding could be sustained under Article 1995, § 23, Vernon's Annotated Civil Statutes of Texas."

Appellant's position under its point three is necessarily based upon that portion of Subdivision 23, Art. 1995, V.A.C.S., which provides that "Suits against a private corporation, * * * may be brought * * * in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, * * * has an agency or representative in such county."

■ We can agree with appellant's contention that there was no evidence that it had an agency in Hidalgo County, but nevertheless hold that affirmance of the judgment overruling appellant's plea of privi-

lege could rest alone on that portion of Subdivision 23, Art. 1995, V.A.C.S., which provides that suits against a private corporation may be brought "in the county in which the cause of action or part thereof arose." The last-mentioned provision of Subdivision 23 does not require that a corporation, such as appellant, have an agency or representative in the county in which the cause of action or a part thereof arose.

 In the absence of express findings there is an implied finding in support of the judgment here that appellees' cause of action or part thereof arose in Hidalgo County, Texas. Appellant has not attacked such an implied finding by any point of error. It, therefore, appears that on the record presented here there is a ground for sustaining venue in Hidalgo County under Subdivision 23, Art. 1995, V.A.C.S., which has not been challenged by appellant, and that the judgment of the trial court must be affirmed for that reason.

With reference to the remaining subdivisions (5, 9a, 28 and 29a) of the venue statute we are of the opinion that appellees did not carry their burden to sustain venue in Hidalgo County as to any of them. As to Subdivision 5, there is no evidence to show that appellant (as distinguished from Hartford) entered into a contract in writing performable in Hidalgo County, Texas. See Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550 (Tex.Civ.App., Corpus Christi, 1964, n. w. h.). As to Subdivision 9a, there was no evidence to show that there was an act or omission of negligence on the part of appellant in Hidalgo County, Texas. As to Subdivision 28, there was no evidence to show that appellant was one of the kind of insurance companies referred to in that particular subdivision. See Southern Farm Bureau Casualty Ins. Co. v. Powell, 414 S.W.2d 770 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.), and cases therein cited. As to Subdivision 29a, there was no evidence to show that appellant was a necessary party defendant. See Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956);

Western Steel Company v. Hayek, 452 S.W.2d 732 (Tex.Civ.App., Corpus Christi, 1970, n. w. h.); Hermes Grain Company v. Hailey, 435 S.W.2d 181 (Tex.Civ.App., Corpus Christi, 1968, n. w. h.); Dina Pak Corporation v. May Aluminum, Inc., 417 S.W.2d 419 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.).

For the reasons stated, the judgment of the trial court is affirmed.