**CROWN SASH & DOOR, INC., Appellant,**

v.

**STEVES SASH & DOOR COMPANY, INC., Appellee.**

**No. 15283.**

Court of Civil Appeals of Texas, San Antonio.

June 19, 1974.

Stigall, Maxfield & Collier, Dallas, for appellant.

Beckmann, Stanard & Olson, San Antonio, for appellee.

CADENA, Justice.

This is a plea of privilege case. Plaintiff, Steves Sash & Door Company, Inc., filed this suit in Bexar County, based on a sworn account, seeking to recover from defendant, Crown Sash & Door, Inc., a Texas corporation having its principal office and place of business in Dallas County, the sum of $31,876.25, together with interest and attorney's fees, for goods and merchandise sold by plaintiff to defendant. After defendant filed its plea of privilege, plaintiff filed its controverting affidavit incorporating its original · petition and claiming that the suit was properly brought in Bexar County under the provisions of subdivisions 5 and 23 of our venue statute, Vernon's Tex.Rev.Civ.Stat.Ann., Article 1995. Defendant appeals from the order of the trial court overruling its plea of privilege.

We affirm the judgment below since plaintiff has the right to maintain the suit in Bexar County under subdivision 23.

Subdivision 23 provides that a suit against a private corporation "may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof

arose; or in the county in which plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, . . . has an agency or representative in such county; or, if the corporation, . . . had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, . . . then had an agency or representative."

■ The evidence showed that defendant's president came to plaintiff's place of business in Bexar County and ordered two truckloads of doors, with the understanding that the specifications would be furnished to plaintiff later. There followed several telephone conversations, after which plaintiff manufactured the doors.

The evidence is sufficient to support the conclusion that at least a part of the transaction creating the right which plaintiff now seeks to vindicate occurred in Bexar County. This is sufficient to maintain venue in Bexar County under subdivision 23. 1 McDonald, Texas Civil Practice, Section 4.30.2, p. 519 (1965 rev.).

■ Defendant first contends that subdivision 23 is inapplicable because plaintiff failed to prove that defendant has an agency or representative in Bexar County, the county in which suit was brought. The plain wording of the statute and its punctuation compel the conclusion that the requirement that defendant maintain an agency or representative in the county of the forum is applicable only where the suit is filed in the county in which plaintiff resided at the time the cause of action, or part thereof arose. Where, as here, the residence of plaintiff is not one of the venue facts, and the suit is filed in a county where the cause of action, or a part thereof arose, the maintenance of an agency or representative by defendant in such county is irrelevant. Anderson Co. v. South Texas Planting Seed Ass'n., 472 S.W.2d 592

(Tex.Civ.App.—Corpus Christi 1971, no writ). West Texas Equipment Co. v. Abell, 457 S.W.2d 304 (Tex.Civ.App.—Amarillo 1970, no writ), relied on by defendant, is inapplicable, since it is a case in which plaintiff was seeking to maintain suit in the county of his residence, as distinguished from the county in which the cause of action arose.

Defendant next asserts that, in any event, plaintiff failed to establish all of the elements of a cause of action on a sworn account, as required by subdivision 23. See Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1942). This argument must be rejected.

■ Defendant's plea of privilege contained no sworn denial, as required by Rule 185, Texas Rules of Civil Procedure, stating that plaintiff's claim was not true or just, in whole or in part. When a venue fact is one which can be put in issue only by a verified pleading, and such a plea is not included in the plea of privilege, the plaintiff is not required to prove such fact. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956); Vaquero Drilling Co. v. Adcock, 453 S.W.2d 908 (Tex.Civ.App.—San Antonio 1970, no writ); 1 McDonald, op. cit., Section 4.43.1, p. 580. Under these circumstances, plaintiff did not have to prove the elements of a cause of action against defendant.

■ Defendant asserts that plaintiff's controverting affidavit, even when plaintiff's petition is considered as being incorporated therein, does not contain allegations sufficient to maintain venue in Bexar County under subdivision 23. However, defendant did not except to the controverting affidavit or otherwise call such defect to the attention of the trial court. Defendant did object to some of the evidence offered by plaintiff on the ground that plaintiff was seeking to prove the existence of a written contract performable in Bexar County, and that there were no pleadings alleging the existence of such a contract. To this plaintiff replied that he was merely

offering the evidence to show the existence of a cause of action. Defendant's objection was clearly limited to the failure of plaintiff to allege facts sufficient to make subdivision 5 applicable. It must be concluded that defendant failed to call the court's attention to the insufficiency of the pleadings to permit plaintiff to seek the benefits of subdivision 23. Defendant thus waived the defects in the pleadings and the venue fact issues were tried by implied consent. Hamilton v. Jenkins, 235 S.W.2d 195 (Tex.Civ.App.—San Antonio 1950, mand. overr.) ; Rule 67, T.R.C.P.

Since we have concluded that the suit was properly filed in Bexar County under subdivision 23, it is unnecessary to discuss defendant's points concerning the applicability of subdivsion 5.

The judgment of the trial court is affirmed.