Dan CHRISTIE, Appellant,

v.

Eleanor PRICE, Appellee.

No. 8488.

Court of Civil Appeals of Texas, Texarkana.

Nov. 15, 1977.

Bob Houser, Plano, for appellant.

W. W. Price, Jr., Olney, J. Patrick Garrett, Houston, for appellee.

RAY, Justice.

This is a venue case. Eleanor Price, appellee (plaintiff), brought suit in Young County against appellant (defendant), Dan Christie, seeking recision of the sales to her of interests in partnerships known as the "Mustang Joint Venture" and the "Grayson County Joint Venture." Appellee alleged that appellant had fraudulently induced her into purchasing unregistered securities. Appellant Christie states that he is entitled to be sued in Dallas County where he has his residence and principal place of business.

The trial court overruled the plea of privilege and Appellant Christie has perfected this appeal. Appellant submits one point of error for our consideration.

Appellant's point of error is as follows: "The Trial Court erred in overruling Appellant's Plea of Privilege because there was no evidence introduced in the Trial Court and therefore the evidence was insufficient to support the order overruling Appellant's Plea of Privilege."

Appellant contends that the order overruling appellant's plea of privilege was a default judgment in that appellant and his attorney did not appear at the hearing because they did not receive notice of the hearing. Further it is asserted by appellant that no evidence was introduced at the hearing and therefore no statement of facts exists.

The judgment of the trial court will be affirmed. While we recognize that it may be difficult under the circumstances outlined by appellant to produce a record to substantiate his claims, we do not believe that he has exhausted the available remedies.

"When the court in its judgment finds generally for one of the parties, but no specific findings of fact and conclusions of law are requested and none are filed, and no statement of facts is brought forward on appeal, there exists little basis for review, save in a situation where there is fundamental error or the court exceeded its jurisdiction in rendering the decree at all. In such a fact situation, the appellate court presumes that the judgment was supported by evidence offered upon the issues raised by the pleading or tried by express or implied consent." 4 McDonald's, Texas Civil Practice, Sec. 16.10(a), p. 28. This Court stated in *Adams v. Corbin,* 301 S.W.2d 209 (Tex.Civ.App.Texarkana 1957, writ dism'd), that when the trial court has overruled the plea of privilege without making findings of fact or conclusions of law and the case is tried without a jury, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory and every issue sufficiently raised by the testimony must be resolved in support of the judgment.

In the absence of a statements of facts, we must presume that the evidence supports the finding. *Guthrie v. National Homes Corporation,* 394 S.W.2d 494 (Tex. 1965).

There is no indication in the record that appellant attempted to obtain a statement of facts pursuant to Rule 377 or 378, Tex.R.Civ.P. Further, there is no indication in the record that appellant made a request for a court reporter, in accordance with Tex.Rev.Civ.Stat.Ann. art. 2324 (Supp. 1976–1977), to attend all sessions of court in conjunction with this case and to take shorthand notes of the testimony offered. It behooves all attorneys who want a record of the proceedings to immediately file such a request along with the first pleadings or other instruments filed in the case.

We find nothing in the transcript which indicates that appellant made a request for a bill of exceptions pursuant to Rule 372, Tex.R.Civ.P. Rule 372 allows any party who is dissatisfied with a ruling or an

**924**

action by the court to embody his dissatisfaction in a written bill of exceptions. The refusal by the court to allow a party to make such a bill is reversible error if timely made and presented. *State v. Biggers,* 360 S.W.2d 516 (Tex.1962); *In re Marriage Of D___,* 511 S.W.2d 606 (Tex.Civ.App.Amarillo 1974, no writ).

In the present case there is nothing in the record to indicate that a court reporter was not present at the hearing or that appellant made any request of the official court reporter of the trial court for a statement of facts.

Appellant has not shown that he could not obtain a statement of facts by other means. Ordinarily, an appellant is not entitled to a reversal on the ground of the unavailability of a statement of facts unless he shows that he has been deprived of the statement of facts through no fault or negligence of his own and that he attempted without success to obtain a condensed statement in narrative form under Rule 377, Tex.R.Civ.P., or an agreed statement under Rule 378, Tex.R.Civ.P. *Phillips v. Phillips,* 532 S.W.2d 161 (Tex.Civ.App. Austin 1976, no writ).

There is nothing in the record to indicate that appellant failed to receive notice of the hearing on the plea of privilege. In the absence of a contrary showing in the record, appellee is entitled to a presumption there was adequate notice. *Farmer v. Cassity,* 252 S.W.2d 788 (Tex.Civ.App.Beaumont 1952, no writ).

Appellant's point of error is overruled. The judgment of the trial court is affirmed.