Gilbert Edward LINSCOMB et al., Appellants,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY et al., Appellees.

No. B1883.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 14, 1979.

56

John H. Benckenstein, Benckenstein. & Norvell, Beaumont, for appellants.

Harmon Parrott, Claude Treece, Sewell, Junell & Riggs, James H. Brannon, Schmidt & Matthews, Houston, for appellees.

Before BROWN, C. J., and COULSON, J.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order overruling the pleas of privilege of appellants A. F. Jones and Sons, Inc. and Gilbert Edward Linscomb.

The suit arose out of a railroad crossing accident in Beaumont, Jefferson County, Texas between a Southern Pacific Transportation Company (SoPac) train and a vehicle owned by A. F. Jones and Sons, Inc. and driven by Gilbert Edward Linscomb. Plaintiff Duhon was riding in the locomotive, and alleged to have sustained personal injuries in the collision. He filed suit in

Harris County to recover damages therefor. He claimed that SoPac was liable under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., and the Federal Safety Appliance Act, 45 U.S.C. § 1 et seq., and that Jones and Linscomb were liable by virtue of having proximately caused the accident through negligence. SoPac filed a cross claim for indemnity or contribution against Jones, and also filed a third party action against Linscomb for indemnity or contribution.

Jones filed pleas of privilege as to both Duhon's claim and SoPac's cross claim. Linscomb filed a plea of privilege as to SoPac's third party action. Both sought to remove the suit to their county of residence, Jefferson.

Duhon filed a controverting affidavit against Jones' plea based on section 4 of Tex.Rev.Civ.Stat.Ann. art. 1995. SoPac controverted the pleas of Jones and Linscomb based on Tex.Rev.Civ.Stat.Ann. art. 2212a (Supp.1978). After a hearing the district court overruled the pleas of privilege of both Jones and Linscomb.

Appellants Jones and Linscomb present six points of error. For clarity these may be grouped for discussion.

First, appellants assert that neither Duhon's nor SoPac's controverting affidavits made the respective original petitions a part thereof and that appellees failed to swear to the essential facts embodied in the controverting pleas.

■ Initially we note that all three controverting pleas involved in this case were properly sworn to. Further, in *A. H. Belo Corp. v. Blanton*, 133 Tex. 391, 129 S.W.2d 619, 622 (1939), the rule is stated that "the plaintiff in his controverting affidavit . . . must allege, *either* in the controverting affidavit *or* by a specific reference to and adoption of allegations in his petition, sufficient facts as venue facts upon which the alleged cause of action is sought to be maintained" (emphasis added). *See also* 1 McDonald, Texas Civil Practice § 4.49, pp. 597, 599 (1965). Therefore, if the controverting pleas allege sufficient venue facts, it is not necessary that appellees have incorporated their petitions into such pleas.

■ Duhon's controverting plea filed against Jones' plea of privilege was based on subdivision 4 of article 1995. This section states:

Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. . . .

Under this exception the plaintiff must allege the following venue facts: (1) He must plead and prove that one defendant resides in the county of suit; (2) He must allege a joint cause of action against the resident and non-resident defendants *or* causes of action against the two defendants which are intimately connected; and (3) He must plead and prove that he has a bona fide claim against the resident defendant. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Comm'n App.1936, opinion adopted).

Appellee Duhon alleged and presented evidence that the legal residence and domicile of SoPac was in Harris County, Texas. He further pled that he, as plaintiff, had a joint cause of action against the resident defendant, SoPac, and the nonresident Jones, and that these causes of action were so intimately connected that they should be joined to avoid a multiplicity of suits. This allegation follows the language of *Stockyards Nat. Bank v. Maples, supra,* and suffices to show that the party asserting the plea of privilege is a proper party to the suit. The *Stockyards* case further held that it is not necessary for the plaintiff to show proof of a cause of action against the nonresident defendant. 95 S.W.2d at 1304. The third essential venue fact was alleged by the controverting plea, wherein it was stated that "Plaintiff . . . has a bona fide claim against Defendant Southern Pacific Transportation Company in that said Defendant failed to provide your Plaintiff with a reasonably safe place in which to work and . . . reasonably safe equipment . . . ." Evidence was presented as to this, and appellants do not contend

that Duhon failed to show sufficient evidence to prove a valid cause of action against the resident defendant SoPac.

Appellants filed no special exceptions challenging the form or legal sufficiency of Duhon's controverting affidavits. "[W]here there are factual allegations, even though so general that a special exception would be sustained, the court in the absence of such an exception will construe them liberally and indulge every reasonable intendment to sustain the controverting plea. Failure to call the court's attention to defects in the controverting plea . . ., even defects of substance, will waive the error." 1 McDonald, Texas Civil Practice § 4.49, pp. 596–97 (1965); Tex.R.Civ.P. Rule 90. Therefore appellants may not now claim that Duhon's controverting plea was overly broad, vague, or otherwise insufficient.

SoPac filed a controverting plea against Jones' and Linscomb's pleas of privilege based on Tex.Rev.Civ.Stat.Ann. art. 2212a § 2(g) (Supp.1978), which states in part:

All claims for contribution between named defendants in the primary suit shall be determined in the primary suit

. . . . .

The controverting affidavit was properly sworn to. As discussed above, it was not necessary for SoPac to make its petition in the cross action and third party action a part thereof. Both Jones and Linscomb were named defendants. Points of error one, three, and five are overruled.

In point of error two it is urged that the causes of action against SoPac and against appellants may not be joined because they are not of the same nature, one being based on a federal statute and the other on a common law tort. Tex.R.Civ.P. Rule 40 states, in part:

(a) Permissive Joinder. . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the *same transaction, occurrence, or series of transactions or oc-*currences and if *any question of law or fact common to all* of them will arise in the action . . . (emphasis added).

The causes of action against SoPac on one hand and Jones and Linscomb on the other arose out of the same transaction, the crossing accident. Accordingly they are not "separate and distinct", as appellants claim, and the parties are properly joined. Point of error two is overruled.

In points of error four and six appellants urge that the cross action and third party action for contribution and indemnity should be transferred to Jefferson County because the pleas of privilege of Jones and Linscomb should be sustained, thus moving the primary suit to Jefferson County. Since the pleas of privilege in the primary suit were properly overruled, there was no error in overruling the pleas of privilege in the actions for contribution or indemnity pursuant to article 2212a.

Affirmed.

CIRE, J., not participating.