**Donna G. GOODMAN, Appellant,**

v.

**Isaac L. GOODMAN, Appellee.**

**No. 16706.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 4, 1981.

Benjamin F. Walker, San Antonio, for appellant.

Edward J. Mihalko, San Antonio, for appellee.

OPINION

ESQUIVEL, Justice.

This is an appeal from a default judgment entered in the 45th District Court of Bexar County, Texas, the Honorable Judge Jack Sims presiding.

In the court below a decree of divorce was taken by default and the property of the parties was apportioned. After default, appellant made a timely motion for new trial which was overruled by the trial court. There are no children of the marriage.

It is uncontroverted that the appellant was unable to obtain a statement of facts because no court reporter was present at the hearing on the default judgment.

Appellant appeals on three points of error; the first being that she was unable to obtain a statement of facts and, therefore, she is entitled to a retrial of this case. We agree.

An appealing party is entitled to a statement of facts, and if, through no fault of his own, after the exercise of due diligence, that party is unable to procure a statement of facts, his right to have the case reviewed on appeal can be preserved for him in no other way than by retrial of the cause. *Dugie v. Dugie*, 511 S.W.2d 623 (Tex.Civ. App.—San Antonio 1974, no writ); *Accord, Rogers v. Rogers*, 561 S.W.2d 172 (Tex. 1978); *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.1972). In view of the fact that appellant's point of error number one has been found to be correct it is unnecessary to consider appellant's two remaining points of error.

The judgment is reversed and the cause remanded for a new trial.