**E. L. SMITH d/b/a Aztec Services, Appellant,**

v.

**SUN–BELT AVIATION, LTD., Appellee.**

No. 16844.

Court of Appeals of Texas,
San Antonio.

Nov. 4, 1981.

Rehearing Denied Dec. 18, 1981.

J. Marvin Ericson, Corpus Christi, for appellant.

Tim Tynan, Law Offices of Cecil Bain, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

OPINION

ESQUIVEL, Justice.

This is a venue case. Appellee Sun-Belt Aviation, Ltd. brought suit on sworn account against appellant E. L. Smith, d/b/a Aztec Services for goods, merchandise, wares and services that Sun-Belt provided Smith. Smith filed his plea of privilege seeking to have the matter transferred to his county of domicile, Nueces County. The trial court overruled Smith's plea of privilege. We reverse and remand.

The order of the trial court states that the appellant Smith made no appearance at the venue hearing, although he was duly cited. In the transcript, the appellant included a letter to the County Court-at-Law No. Three Court Reporter requesting a statement of facts and the Court Reporter's subsequent response that no record of the in chambers hearing was made.

It is clear that the appellant was unable to obtain a statement of facts because no court reporter was present during the in chambers hearing. The applicable test has been stated recently by this Court in *Goodman v. Goodman*, 611 S.W.2d 738 (Tex.Civ. App.—San Antonio 1981, no writ):

An appealing party is entitled to a statement of facts, and if, through no fault of his own, after the exercise of due diligence, that party is unable to procure a statement of facts, his right to have the case reviewed on appeal can be preserved for him in no other way than by retrial of the cause. *Dugie v. Dugie*, 511 S.W.2d 623 (Tex.Civ.App.—San Antonio 1974, no writ); *Accord: Rogers v. Rogers*, 561 S.W.2d 172 (Tex.1978) and *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.1972).

611 S.W.2d at 738. [See those cases cited therein]

The appellee maintains that the appellant had an affirmative duty to seek and procure a statement of facts through an alternative means pursuant to Tex.R.Civ.P. 377 and 378. The Supreme Court of Texas clearly has disposed of that position in *Rogers v. Rogers, supra.* The supreme court

held that due diligence is exercised where an appealing party has attempted to obtain a statement of facts from the official court reporter and, through no fault of his own, was unable to procure them. We find appellant's efforts to secure the statement of facts to constitute due diligence. *Rogers v. Rogers, supra; Smith v. Smith*, 544 S.W.2d 121 (Tex.1976); *Victory v. Hamilton*, 127 Tex. 203, 91 S.W.2d 697 (Texas Com.App. 1936), judgmt adopted); *See Christie v. Price*, 558 S.W.2d 922 (Tex.Civ.App.—Texarkana 1977, no writ).

The appellee's reliance upon *Christie v. Price, supra*, for the proposition that appellant had an affirmative duty to request a court reporter pursuant to Tex.Rev.Civ. Stat.Ann. art. 2324 (Vernon 1975) is misplaced. The supreme court has stated that an appellant, in order to exhaust his available remedies to procure a statement of facts, must attempt to obtain a statement of facts from the official court reporter *and* be unable to procure the material through no fault of his own. In *Christie*, the appellant argued that no evidence was introduced at the hearing and, therefore, no statement of facts existed. The appellant did not show that he attempted to procure the material from the official court reporter and, consequently, did not exhaust his available remedies.

Appellant is entitled to have the order overruling his plea of privilege reviewed to determine his assignments of error complaining of the sufficiency of the evidence to support the order. Such a review cannot be made in the absence of a statement of facts. Therefore, we conclude that the trial court erred in hearing this matter in the absence of the court reporter. *Dugie v. Dugie, supra*.

We reverse and remand the order of the court overruling the appellant's plea of privilege.

BUTTS, Justice, dissenting.

The majority decision disregards established Texas law and creates a troublesome precedent. The ground of reversal is one that the appellant did not urge in his brief,

and for good reason. There is nothing in the record to support it. What the majority relies upon is a routine letter from the appellant, dated April 27, 1981, to the court reporter requesting a statement of facts. At the bottom of the same letter appears a notation from the court reporter, dated April 29, 1981, reciting that no statement of facts exists in the case because none was requested or made. That is all. The order which overruled the plea of privilege was signed on March 19, 1981. The only relief asked by appellant is that the appellate court reverse and render the judgment. His two points of error address the sufficiency of the pleadings and the proof. There is no point of error claiming wrongful denial of a statement of facts.

The majority now finds that appellant acted with "due diligence" to obtain a statement of facts. This decision is based upon two fallacies: 1) That this appellate court has the power to consider the matter at all, and 2) That an order regarding venue is of fundamental stature. Tex.R.Civ.P. 418(d), (e), (f) sets out the requirements of the briefs of appealing parties. It makes no provision for an appellate court's disposition of points of errors not briefed and argued by the appellant. Nowhere in the rules is this court given the authority to do what the majority opinion decides it can do. Nor is there any case law upholding this position.

Even if we assume, arguendo, that this reviewing court can take cognizance of the non-existent point of error, that is, that appellant has been wrongfully deprived of a statement of facts through no fault of his own and after displaying due diligence to obtain one, where is that due diligence shown? Did appellant file a motion to set aside the order before it became final? Tex.R.Civ.P. 329b(d). Did he, even later, file a bill of exceptions? Tex.R.Civ.P. 372, 381. Did he do anything at all except to write a letter to the court reporter which letter is not a part of this court's record? The answer to all questions is negative. There is nothing before this court to show

diligence.[1] In fact, it is not disputed, and the record does show, that he filed his plea of privilege, albeit defective, and that he received notice of the venue setting. We cannot do otherwise than to conclude that he chose not to be present to contest venue.

It has long been settled jurisprudence in this state that the reviewing court will not consider matters shown only by letters, affidavits, ex parte documents, exhibits, or other such statements and writings which are not in the official record *Brown v. Torrey*, 22 Tex. 55, 55–56 (1858); *City of San Antonio v. Anderson, et al.*, 343 S.W.2d 950, 951 (Tex.Civ.App.—San Antonio 1961, no writ). See *Clayton v. Preston*, 54 Tex. 418, 419 (1881), regarding oral argument on matters outside the record. In the instant case appellant caused his letter to the court reporter to be included in the transcript. However, this action does not cloak it with record authenticity, as the majority indicates. The letter is unquestionably outside the record, is a nullity, and may not be considered. *Rutledge v. Valley Evening Monitor et al.*, 289 S.W.2d 952, 953 (Tex.Civ.App.—San Antonio 1956, no writ).

The cases cited and relied upon by the majority all involve trials on the *merits*, where the trial court ordered the parties to perform certain actions such as partition land, become managing conservators of children, pay child support, divide community property. Such judgments concern personal and property rights and could, in some instances, be a denial of due process should the appellant be denied review. Venue orders, on the other hand, being interlocutory in nature and not reaching the merits of cases, do not attain that posture. The plea of privilege is a personal one which can be waived whenever desired, and, even when not desired, by acts constituting waiver. There is nothing fundamental about an order denying a plea of privilege. *Dillard v. Kyser*, Tex.Civ.App., 249 S.W. 888 (1923).

There is an important distinguishing feature in the cases relied upon by the majority. In those cases the appellants all raised the point of error by brief that they had been deprived of a statement of facts through no fault of their own and after exercising due diligence to obtain one. The appellant in the instant case did not do so, and this court may not, sua sponte, do so. We are bound by the record before us. Those cases do not support the majority position, nor are there any that will.

This is an appeal from an order overruling a plea of privilege. Plaintiff, Sun-Belt Aviation, Ltd., sued defendant E. L. Smith, d/b/a Aztec Services, in Bexar County, Texas, on a sworn account for goods, merchandise, wares, and services that plaintiff provided the defendant. Defendant filed his plea of privilege for suit to be tried against him at his domicile, Nueces County. The trial court overruled the plea of privilege.

In his two points of error defendant questions the sufficiency of plaintiff's petition and controverting affidavit. He contends that the pleadings and proof fail to bring the suit within the provisions of subdivision 5 of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964).[2]

Venue facts which a plaintiff must plead and prove under subdivision 5 of the statute, *supra*, are: (1) that defendant is a party reached by the statute, (2) that the claim is based upon a written contract, (3) that the contract was entered into by the defendant or one authorized to bind him, and (4) that the contract by its terms provides for performance of the obligation sued upon in the county of suit. *Rogers v.*

---

**1.** See *Christie v. Price*, 558 S.W.2d 923 (Tex. Civ.App.—Texarkana 1977, no writ) for a concise statement of steps the appellant may take to obtain a statement of facts in a venue case.

**2.** Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 5 provides that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except:

> If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

Thompson, 554 S.W.2d 803, 804 (Tex.Civ. App.—San Antonio 1977, no writ), 1 McDonald, Texas Civil Practice, section 411.1 (1981).

Venue facts may be determined by reference to the petition when the nature of the suit is a venue fact. 1 McDonald, *supra*, § 4.55. In the instant case the plaintiff's verified petition with an attached account is incorporated by pleading in its controverting affidavit. However, in neither the petition nor the controverting affidavit does plaintiff allege that defendant, in person or by representative, "contracted in writing to perform an obligation in a particular county," according to the venue statute, *supra.* A special exception directed to these pleadings would properly have been sustained. *Leonard v. Maxwell*, 365 S.W.2d 340, 344 (Tex.1963).

But where there are factual allegations, even though so general that a special exception would be sustained, the court in the absence of such an exception will construe them liberally and indulge every reasonable intendment to sustain the controverting plea. *Levinson v. Slater*, 565 S.W.2d 337, 342 (Tex.Civ.App.—Corpus Christi 1978, no writ). 1 McDonald, *supra*, § 4.49 at 490.

Defendant did not call the defect in the controverting plea to the court's attention before the court rendered its order overruling the plea of privilege. Even defects of substance may be waived. *Linscomb v. Southern Pacific Transportation Company*, 579 S.W.2d 55, 58 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). 1 McDonald, *supra*, § 4.49 at 490. Tex.R.Civ.P. 90 (Vernon 1980). Defendant's failure to except to defects in the controverting plea prior to judgment thus waives the defect. *Wilson v. Inness*, 336 S.W.2d 437, 439 (Tex.Civ.App.—Texarkana 1960, no writ).

Defendant's plea of privilege contains no sworn denial as required by Tex.R.Civ.P. 185, 93(k), 86 (Vernon 1980). *See* 1 McDonald, *supra*, § 443.1. If such a sworn denial is omitted, the plaintiff is not required at the venue hearing to offer any proof beyond that which would be necessary under an unsworn general denial.

Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 763 (1956). *Crown Sash & Door, Inc. v. Steves Sash & Door Co., Inc.*, 511 S.W.2d 603, 605 (Tex.Civ.App.—San Antonio 1974, no writ). *Atlantic Mutual Ins. Co. v. Farmers Cooperative Ass'n*, 466 S.W.2d 419, 421 (Tex.Civ.App.—El Paso 1971, no writ). Tex.R.Civ.P. 67 (Vernon 1980).

The order of the trial court states that the defendant, although duly cited, made no appearance at the venue hearing. It further recites that the court heard evidence. The record before this court contains no statement of facts, nor are there any findings of fact and conclusions of law. In the absence of a statement of facts we must presume that the evidence supports the order. *Guthrie v. National Homes Corp.*, 394 S.W.2d 494, 495 (Tex.1965). *Christie v. Price*, 558 S.W.2d 922, 923 (Tex.Civ.App.—Texarkana 1977, no writ).

When findings of fact and conclusions of law are not requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968). Therefore, we must assume that the order was supported by the evidence. *Christie v. Price, supra.* Defendant's points of error are without merit.

The order of the trial court overruling the plea of privilege should be affirmed.