Wheeler, J.
It is a sufficient answer to the objection to the affidavit that the facts in which the claimant’s right consists are matters to bo pleaded, and are not required to be stated in the affidavit prescribed by the statute. The statute provides, that at the first term of the court after the case shall have been docketed, if the parties appear, the court shall direct an issue to be made up between them, and tried by a jury as in other cases. (Hart. Dig-., art. 2816.) Here, both parties having appeared, it was the duty of the court to have directed an issue, in the foundation of which the parties would have been required to set forth upon the record, by pleading, the facts in which their rights respectively consisted. It would then have appeared by what authority tiie plaintiff iu the writ had caused the property to be levied on, and by what right the claimant resisted the execution of the writ. The facts of the case would have been before the court for adjudication; and the controversy might have been determined upon the merits. But instead of this the court was asked to determine, in the absence of pleading and proof ; and it is now insisted that the claimant could have no right to resist the sale of the property, because ho claimed as trustee, it being assumed that a trustee can have no rights which will prevent the property from liability to he sold subject to the interest or rights of the trustee. That, manifestly, will depend upon the nature of the trust and the rights of the trustee in the particular case, of which the action of the court wás not such as to afford us the requisite information in the present case. It is scarcely necessary to say that the court will not undertake to adjudicate the merits of the ease until the facts shall have been brought before us by the record.
There were other objections taken to the affidavit and bond which are not deemed to require notice.
We are of opinion that the court erred in dismissing the case without having directed an issue to he made up as prescribed by the'statute. If the claimant had failed to appear, or appearing, liad Refused to join issue under the direction of the court, even that would not have authorized the dismissal of the case, hut it must have been disposed of according to the direction of the statute, which plainly marks out the course of proceeding.
The judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.