### J. R. Stevens v. William Perrin.

#### Decided November 19, 1898.

**Appearance by Attorney for Claimant Under Execution.**

The statement by an attorney in the clerk's presence that he represents the plaintiff, with the request that his name be so entered on the docket, is not such an appearance in a proceeding for trial of the right of property seized under plaintiff's execution as will authorize the court to dispose of the action by quashing the execution at the first term, instead of continuing the cause because of plaintiff's nonappearance, as required by the statute in such case. Rev. Stats., art. 5300.

Appeal from Floyd. Tried below before Hon. S. I. Newton.

*Joe Rosson* and *Morgan & Moore,* for appellant.

No brief for appellee.

TARLTON, Chief Justice.—On August 23, 1890, the appellant recovered a judgment against William Perrin in the County Court of Knox County, Texas. On May 22, 1897, an alias execution upon this judgment was issued to Floyd County, and was levied upon a number of horses as the property of the defendant in the judgment. On July 9, 1897, Ida Perrin, the appellee herein and the wife of William Perrin, filed her claimant's oath and bond, asserting her separate ownership of the property levied upon.

At the August term, 1897, of the District Court of Floyd County, which was the first term after the filing of the claim, the appellee filed her motion to set aside the execution and to discharge her bondsmen, alleging that the execution was void because it did not appear from the face thereof at what term or by what court the judgment was rendered upon which the process issued. The court at the same term, in the absence of the plaintiff or his counsel, sustained the motion, quashed the execution, and ordered the discharge of the claimant and her sureties, and the release of the property from the levy.

At the succeeding term, held in February, 1898, the plaintiff in the

judgment and execution appeared and filed his application to set aside
the judgment rendered at the July term, 1897, alleging that he had a
valid judgment and execution against William Perrin, showing by proper
averments that the execution was not subject to the defects on which was
founded the judgment dissolving it at the preceding term; that the prop-
erty levied upon was the community property of William Perrin and Ida
Perrin; showing further that neither the plaintiff nor his attorney had
appeared at the preceding term of the court; and praying that the judg-
ment then rendered be set aside, and that issues be made up between the
parties, to the end that a trial of the right to the property levied upon
might be had upon the merits of the controversy.

The defendant replied to this application, alleging an appearance by
the plaintiff at the preceding term, the character of which appearance
is disclosed by the following affidavit of the district clerk of Floyd
County: "Morgan, Stephens & Moore, attorneys who live at Benjamin,
Texas, 115 miles from this court, appeared at the last term of this court
and said they represented plaintiff in the cause of Stevens and Perrin,
No. 45, in District Court, and Morgan & Stephens' names were by me
placed on the docket in said cause as attorneys for plaintiff, and on the
first day of said term of court said attorneys appeared and filed a copy
of an execution in said cause. It is not my custom as clerk to place
attorneys' names on the docket as attorneys unless pleadings show it or
unless directed by the attorneys to do so, and I think I noted said Morgan
& Stephens' names on said docket as attorneys for plaintiff at their
request. Said attorneys had no other case in this court at said term of
court, except the cause of Stevens and Perrin. Mr. Stephens, in conver-
sation while he was here, told me he was not interested in the cause, but
was only accompanying Mr. Morgan."

Our statute provides, that "if the plaintiff does not appear at the first
term, the case must be continued to the next term  *   *   *   ; but if
he does not then appear on or before the appearance day of the term, he
may be nonsuited." From this it is manifest that the ex parte proceed-
ing upon which the action of the court was predicated was erroneous,
unless the plaintiff must be held at that term to have entered an appear-
ance, within the meaning of the law.

We are of the opinion that the facts stated in the clerk's affidavit
(and also in the appended affidavit of an attorney, which we deem it un-
necessary to set out) do not constitute such an appearance. A statement
by an attorney in the clerk's presence that he represents a party litigant,
with a probable request, as in this case, that his name be entered upon
the docket as the attorney for the party, can not, it seems to us, con-
stitute such an appearance as is contemplated by law. Says Chief Jus-
tice Willie, in Field v. Fowler, 62 Texas, 68: "How this appearance is
to be effected is not prescribed, but when the parties come into court, as
in this case, and have an entry made upon the minutes that they have
appeared, it is sufficient to prevent the consequences of a failure to appear

on either side." So, the statute, article 1241, regulating proceedings in ordinary suits, prescribes that "the defendant may  *  *  *  by attorney  *  *  *  enter an appearance in open court, and such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if citation had been duly issued and served as provided by law."

We hence deduce that, in the absence of pleadings filed or of an appearance in open court entered upon the minutes thereof, it would be unsafe and unwise to hold parties responsible for an appearance in courts of record upon such vague and uncertain conditions as those here disclosed.

The sufficiency on its face of the plaintiff's application is not questioned here; but the record indicates that the court overruled the motion on account of an erroneous apprehension of what constitutes an appearance. Hence we reverse the judgment and remand the cause, that the matter in controversy between these parties may be tried upon its merits. It is so ordered.

*Reversed and remanded*