COLLIN COUNTY NAT. BANK et al. v.
SATTERWHITE. (No. 7144.)

(Court of Civil Appeals of Texas. Galveston.
March 13, 1916.)

1. CARRIERS ⬤⟿58—BILL OF LADING—TRANSFER—EVIDENCE.

Where a bank purchased a seller's bill of lading with draft attached, but on refusal of the buyer to accept the goods the seller gave its check to the bank for the amount of the draft, *held*, on the evidence, that at the time of a levy on the goods as the property of the seller the title was in the seller, and not in the bank.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 179–190; Dec. Dig. ⬤⟿58.]

2. EXECUTION ⬤⟿90 — FORM — OMISSION OF WORD.

Execution issued out of the county court of Houston county directing the officer making the levy to make return "Before said court at the courthouse thereof in Houston within 60 days," etc., was not void for the omission of the word "County" after "Houston."

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 185; Dec. Dig. ⬤⟿90.]

3. EXECUTION ⬤⟿182—CLAIMS BY THIRD PERSONS—ATTACK UPON VALIDITY.

A claimant in execution cannot without pleading or proof attack the validity of the execution.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 547; Dec. Dig. ⬤⟿182.]

Appeal from District Court, Houston County; John S. Prince, Judge.

Suit by B. L. Satterwhite against the Collin County National Bank and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Nunn & Nunn, of Crockett, for appellants. Aldrich & Crook and Adams & Young, all of Crockett, for appellee.

LANE, J. At and prior to the time of the institution of this suit appellee, B. L. Satterwhite, had and owned a valid and subsisting judgment rendered by the county court of Houston county against Brown Grain Company, a firm composed of E. P. and C. V. Brown, of Collin county, Tex.; that on the 31st day of October, 1913, execution was issued upon said judgment, and on the same day was levied on one car of oats in Houston county as the property of Brown Grain Company. Thereafter the appellant Collin County National Bank of McKinney, Tex., filed its claimant's oath and bond, claiming said oats as its property, and by virtue of such bond the officer who levied said execution delivered said oats to said bank.

Issues were joined between the appellee, Satterwhite, as plaintiff, claiming under said levy of execution, and said bank, as defendant, claiming by virtue of an alleged purchase from said Brown Grain Company prior to said levy of execution. The issues thus joined were submitted to the trial court without a jury, who, after having heard the evidence, rendered judgment in favor of appellee, B. L. Satterwhite, against the Collin County National Bank, as principal, and H. F. Moore and Arch Baker, as sureties, on said claimant's bond, for the sum of $359.56, together with 6 per cent. per annum interest thereon from date of judgment. Said judgment provided that the same might be satisfied by a return of the said car of oats to the officer within ten days from date of judgment. From this judgment Collin County National Bank, H. F. Moore, and Arch Baker have appealed.

[1] Appellants' first assignment of error is as follows:

"The court erred in its finding of fact, which is as follows: 'I find that at the time of the levy the car of grain was the property of the Brown Grain Company, defendants in the judgment hereinbefore referred to, and not the property of the Collin County National Bank,' because the undisputed evidence shows that the title to said car of grain [which was oats] had passed out of the Brown Grain Company and was vested in the Collin County National Bank at the time of such levy, and there was no evidence upon which to base such finding."

The undisputed evidence shows that the Brown Grain Company shipped the car of oats in question to Crockett, Tex., consigned to Edmiston Bros.; that they drew a draft on Edmiston Bros. for the purchase price of said car of oats, and attached the same to the bill of lading and sold said draft with bill of lading attached to the appellant bank; that, when said car of oats reached Crockett, Edmiston Bros. refused to receive the oats and pay the draft; that upon notice of such refusal the Brown Grain Company gave said bank its check for the amount of the original draft, and the same, with the bill of lading attached, were retransferred to and delivered to said Brown Grain Company; that thereafter Brown Grain Company directed the railway company to forward the car of oats to Sequoyah, Tex., consigned to Thompson Bros. Lumber Company. The following testimony shows substantially the disputed facts upon which the court rendered judgment:

Appellants' witness J. W. Ashley, cashier for appellant bank, testified on cross-examination as follows:

"It is a fact that, when the car of oats arrived at Crockett, Tex., Edmiston Bros. refused to accept the car. This car was diverted to Sequoyah, Tex., to Thompson Bros. Lumber Company, and a draft with bill of lading attached was made on Thompson Bros. Lumber Company by the Brown Grain Company, and was purchased by the Collin County National Bank

and sent out by said bank as a cash item; the proceeds of the draft having been passed to the credit of the Brown Grain Company. When the draft and bill of lading was returned to the Collin County National Bank that was made against Edmiston Bros. by the Brown Grain Company for the car of oats, the Brown Grain Company gave to the Collin County National Bank their check for the draft and bill of lading. It is a fact that Thompson Bros. Lumber Company sent a draft under date of November 13, 1913, payable to the order of the Brown Grain Company, and that said draft was turned over to Collin County National Bank as part payment on the original draft that said bank purchased from the Brown Grain Company, but not as the property of the Brown Grain Company, as said bank had already paid the Brown Grain Company for the draft, and said Brown Grain Company had no interest in same, but indorsed and turned it over to the Collin County National Bank as its property."

E. P. Brown, witness for appellants, testified on cross-examination as follows:

"Yes; the 200 sacks of oats involved in this shipment were shipped by Brown Grain Company to Edmiston Bros., Crockett; that Brown Grain Company drew draft attaching bill of lading to draft, indorsed it over to the bank, took credit for the amount of the draft, and used the money. Afterwards Edmiston Bros. refused to accept it, and at the bank's offer the Brown Grain Company repurchased the oats by giving their check to the bank for the amount, as the bank claimed the Brown Grain Company could handle the car of oats better than they could."

"Yes; it is a fact that Brown Grain Company made out a bill to Thompson Bros. Lumber Company as inquired about; that he thinks the Exhibit A is a sufficient copy of the bill."

"Yes; the draft was received by Brown Grain Company, was indorsed by witness, but it is not a fact that Brown Grain Company received payment direct from Thompson Bros. Lumber Company, because, when Brown Grain Company received this draft, this being the property of the Collin County National Bank, the witness took the draft down to the bank, indorsed it, and handed it to the bank, and the bank received the payment of the money on the draft as it belonged to the bank."

"No; the Collin County National Bank did not debit the Brown Grain Company with the amount of draft after Edmiston Bros. refused the oats, but they called up the Brown Grain Company and suggested that the Brown Grain Company could handle the oats better than they could, and asked the Brown Grain Company if they could not take up the oats. At their request we gave them a check for the amount, took it up, and handled it ourselves."

G. H. Henderson, the agent for the International & Great Northern Railroad Company at Crockett, Tex., a witness for appellee, testified as follows:

"That the car was shipped from Crockett to Thompson Bros. Lumber Company at Sequoyah, Tex., without bill of lading and without draft attached, there being no agent there; that there was no draft drawn for that car of oats on Thompson Bros. Lumber Company; the way it was shipped to Thompson Bros. Lumber Company was that Thompson Bros. Lumber Company could take the car and unload it without making any payment at all; that it is the rule where a car is refused, and there is no chance of selling it to some one else at that point, then it is diverted by the railroad company per the instructions of the consignor."

"The consignor instructed our auditor's office to forward the car to Thompson Bros. open; that he had no instructions from the consignor, but his instructions were from W. G. Warner, auditor at Houston; that such instructions are contained in telegrams which were presented in evidence."

B. L. Satterwhite, appellee, testified as follows:

"That after this car of oats was delivered he had a conversation with Brown Grain Company over the telephone; that they called him up the next day after the delivery of the car and said that they had had quite a good deal of hard luck, and wanted to get the judgments against them taken up, but could not pay them off 100 cents on the dollar; that they could pay 33⅓ cents on the dollar; that he replied that he could not do that, his attorneys telling him that he was in pretty good shape to collect 100 cents, and that he wanted 100 cents on the dollar; they just said they would like to get that settled off; they didn't mention the ownership over the telephone or in the letter either; they didn't say anything about this car of oats being the property of the Collin County National Bank, and did not say anything only that they would like to get it settled off; didn't mention it in letter or over telephone either."

We think there was sufficient evidence to support the judgment of the trial court. We therefore overrule appellants' assignment.

[2] By appellants' second assignment they insist that the execution issued out of the county court of Houston county by virtue of which the car of oats was levied on by the officer, was void, because it directed or commanded the officer making the levy to make return "before said court at the courthouse thereof in Houston within 60 days," etc. Appellants' contention is hypercritical and without merit. We think it clear that the omission of the word "county" after the word "Houston" was but a clerical omission, and does not render the execution void.

[3] The issue joined between the parties in this cause was: Was the car of oats at the time of the levy of execution the property of Brown Grain Company, or was it the property of appellant? This was the only issue made either by pleading or evidence, and this issue was decided against appellants on sufficient evidence. Appellants cannot without pleading or proof attack the validity of the execution, if indeed they might do so at all in such cases as the one before us. It is said in the case of Webb v. Mallard, 27 Tex. at page 84:

"It would present, it appears to me, quite an anomaly if a party not in possession, and seemingly having no interest in the property, should be permitted by the interposition of a claim for the trial of the right to it to recover a judgment merely by proof of defects or irregularities in the execution."

Appellants' second assignment is overruled.

We find no error in the judgment of the trial court, and therefore the same is in all things affirmed.

Affirmed.