## CONTINENTAL OIL & GAS PRODUCTION CO. v. AUSTIN, Banking Com'r.
### (No. 207.)

Court of Civil Appeals of Texas. Eastland.
May 14, 1926.

Sayles & Sayles, of Eastland, for plaintiff in error.

Spencer & Rogers, of San Antonio, for defendant in error.

RIDGELL, J. This suit is a statutory action for the trial of right of property. The clerk of the district court of Eastland county issued an execution in favor of commissioner of banking against Robert D. Gordon, for $9,109.08, with 10 per cent. interest from October 10, 1924, and $8.30 court costs. The execution failed to state the court where the judgment was rendered, stating that the judgment was recovered in the Eighty-Eighth district court of ——— county. On April 25, 1925, sheriff of Eastland county levied execution on certain office furniture as the property of Robert D. Gordon.

The Continental Oil & Gas Production Company by its stockholders and agent, Mrs. G. B. Gordon, on May 6, 1925, made affidavit as required by law, claiming said office furniture as the property of such company, and gave a bond with C. U. Connellee and J. U. Johnson as sureties in the sum of $1,500, which bond was approved by the sheriff. The sheriff's return on execution recites the facts relative to claimant's affidavit and bond, and that he returned the execution unsatisfied, having delivered the furniture to the claimant as required by law.

This cause for trial of right of property was docketed by the clerk in the Ninety-First district court of Eastland county, under No. 11561, in the name of defendant in error herein versus plaintiff in error herein, as defendant.

On June 2, 1925, plaintiff and defendant appeared by their attorneys, and the cause was continued at the instance of plaintiff in error to the August term, 1925, of said court.

The court never directed written issues to be tendered as required by article 7411 of the Revised Statutes of 1925.

On August 22, 1925, Chas. O. Austin, banking commissioner, without any direction from the court to do so, filed an instrument designated "issues tendered by plaintiff."

Although the defendants have not neglected or refused to join issue under the direction of the court, such neglect or refusal to join issue under the direction of the court being a prerequisite to judgment against defendant, the court nevertheless on September 21, 1925, rendered judgment against defend-

ant and its sureties, which judgment is insisted was a judgment by default.

The Continental Oil & Gas Production Company, and the sureties on claimant's bond, duly filed petition for writ of error and supersedeas bond, and the cause is now before this court for review.

The first proposition advanced by plaintiff in error is as follows: "The trial court did not have authority to render the judgment by default in this cause, because such trial court had never directed a written issue to be made up and defendant, Continental Oil & Gas Production Company had never neglected or refused to join issue under the direction of the court."

It is admitted that the trial court never directed issues to be made by the parties. The record shows that at the June term, 1925, of said court, to wit, on June 2d, all parties appeared in person and by attorneys, and that defendant in error requested setting for trial at the June term, but that the defendant then and there in open court protested the setting and requested the court to continue the cause to the August term, 1925, which verbal motion was sustained and the cause was continued.

Articles 7402 to 7410, Revised Civil Statutes 1925, provided privilege and procedure of parties claiming property levied upon under execution, sequestration, attachment, or other like writs.

Article 7411, provides: "At the first term of the court, thereafter, if both parties appear, the court or justice shall direct a written issue to be made up between the parties and tried as in other cases."

Article 7412 provides requisites of the issues.

Article 7413 provides: "If the plaintiff appears and" defendants fail "to appear or neglects or refuses to join issue under the direction of the court or justice within the time prescribed for pleading, the plaintiff shall have judgment by default."

Article 7414 provides: "If the plaintiff does not appear at the first term, the case shall be continued to the next term, * * * if he appears; the like proceedings may be had as at the first term; but if he does not then appear on or before the appearance day of the third term, he shall be non-suited."

Article 7416 provides that, when the property is taken from the possession of claimant, the burden will be on plaintiff. If it be taken from the possession of defendant, or any person other than claimant, the burden shall be on the claimant.

There are other provisions in the statute relative to procedure, but the above quotations are all we consider necessary for discussion in the disposition of this appeal.

■ It might be well to state that the return of the officer does not indicate in whose possession the property was when seized, and where the possession is not admitted or shown, or is uncertain, the rule seems to be that the trial court should hear evidence and direct which party shall assume the burden of proof. Dawedoff v. Hooper et al. (Tex. Civ. App.) 190 S. W. 522. Where challenged, same has no authority and is not sustained by the statutes of our state as well as the written law. Wright v. Henderson, 10 Tex. 204; Field v. Fowler, 62 Tex. 65; Stevens v. Perrin, 19 Tex. Civ. App. 554, 47 S. W. 802.

■■ We next consider whether this is what we generally term a judgment by default:

It is true plaintiff in error appeared at the preceding term of court and asked for a continuance of this cause which was ordered by the court. Ordinarily a motion to quash citation or a motion for a continuance would be an appearance at the next term of the court. In trial right of property, there is no provision for citation, but the return of execution on the one hand and the filing of the claimant's oath and bond on the other hand places the parties in court, with the privilege to try the issues when ordered by the court to tender same. If, after appearance and the issues are directed, the claimant fails to answer, then, when the cause is reached in its regular order or by special setting, the plaintiff would be entitled to its judgment, but which would be by default.

The term "judgment by default" is now generally applied to a default made after an appearance, as well as before; and may be entered where defendant fails to answer or plead within the time allowed him for that purpose, or fails to appear on the trial, or otherwise fails to take some step required by some rule of practice or some rule of court. C. J., §§ 349, 147, vol. 34.

It follows that this was a default judgment and the court, having entered judgment without directing tender of issues, exceeded his statutory authority.

■■ The proposition is made that the execution is fatally defective in failing to state the court where judgment was rendered as required by article 3783 of the Rev. St. 1925. It appears execution in this case complies with the law as to form and substance, unless the omission to expressly state that the judgment was rendered in the district court of Eastland county. The execution among other recitations states the judgment was recovered in cause No. 11026, in the Eighty-Eighth district court of —— county, is attested by the district clerk of Eastland county, Tex., and said omission to state county seems to be the only vice in the execution contended by appellant.

This execution stating the style of the case, the number reciting that the judgment was rendered in the Eighty-Eighth district court of —— county, and requiring the execution officer to have the moneys and writ be-

fore said court at the courthouse in Eastland, Tex., and being signed by the district clerk of Eastland county, Tex., and testing the same as a whole, we do not believe that the omission would render same void.

Again the recitation that it was rendered in the Eighty-Eighth district court sufficiently identifies the county, because we must take judicial notice that the Eighty-Eighth district court sufficiently identifies the county, because we must take judicial notice that the Eighty-Eighth district court is located in Eastland, Tex.

The omission of the word "Eastland" was a clerical omission, and the contention that the same would render the execution void is without merit. Collin County Nat. Bank v. Satterwhite (Tex. Civ. App.) 184 S. W. 338.

This, we believe, disposes of all the assignments, and, for the error of the court in rendering an unauthorized judgment by default, the judgment of the trial court will be reversed, and this cause remanded for a new trial.

LITTLER, J., absent.