**LANE WOOD INDUSTRIES, INC.,**
Petitioner,

v.

**L. V. DeMOSS, Respondent.**

No. 11972.

Court of Civil Appeals of Texas, Austin.

Jan. 10, 1973.

Thomas L. Cook, Beard & Kultgen, Waco, for petitioner.

John R. Duren, Copperas Cove, for respondent.

PHILLIPS, Chief Justice.

This is a direct attack upon a default judgment brought here by way of petition for writ of error. Petitioner (Cross-defendant below) contends that the judgment is void and therefore must be reversed because the trial court failed to acquire personal jurisdiction over petitioner.

We hold that petitioner is correct in this contention and reverse the judgment and remand the case for trial.

The facts as disclosed by the record are as follows: Petitioner (Lane Wood Industries, Inc.) and respondent (DeMoss) were co-defendants on the case styled Bradford et al v. Richardson et al filed in the 169th District Court of Bell County on January 9, 1970. Each of these co-defendants filed an answer to plaintiff's petition in that cause. Petitioner's answer was filed on September 13, 1971. On November 12, 1971, respondent filed a cross action against petitioner, its co-defendant, and had petitioner served with notice of that cross action.

Petitioner filed no answer to this cross action and no further action was taken until January 27, 1972 when, on motion of respondent DeMoss, the cross action was severed from the main case and default judgment was entered in favor of respondent on his cross action.

While there is some dispute as to respondent's compliance with Rule 239a, Texas Rules of Civil Procedure, as to notice of default judgment, the record contains no evidence that petitioner was in

fact given notice of the default judgment entered against him within the time contemplated by that rule.

The petition for writ of error presently before us was filed with the District Clerk on June 15, 1972.

 Petitioner having complied with all the requirements governing the filing of petition for writ of error in the Court of Civil Appeals, this Court has jurisdiction of the cause. A default judgment may be attacked by writ of error to the Court of Civil Appeals when the error and invalidity of the judgment are disclosed by the papers on file in the case. McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961). The record must affirmatively show a strict compliance with the provided mode of service of citation. McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965); United States Leasing Corporation v. Centennial Liquor Stores, Inc., 368 S.W.2d 951 (Tex.Civ. App.1963, no writ hist.); McDonald's "Texas Civil Practice," Section 17.23, pp. 1366-1367.

Petitioner filed its writ of error within the allotted time pursuant to Art. 2255, Vernon's Ann. Civil Statutes and fully complied with Rules 359-363, T.R.C.P.

 Though this Court has before it the records from both the primary lawsuit and the severed cross action, we decide the cause on the basis of the latter. The order of severance appears in the record, its validity has not been attacked, and we therefore view the cause as severed. As disclosed by the record in the severed cross action, petitioner was never served with citation in this independent lawsuit. It is true that petitioner was served with notice of the cross action, but such citation was served long before severance and was in fact unnecessary since a defendant is charged by law with notice of a cross action filed against him by a co-defendant. Sullivan v. Doyle, 108 Tex. 368, 194 S.W. 136 (1917); Early v. Cornelius, 120 Tex. 335, 39 S.W.2d 6 (Tex.Com.App.1931—

adopted). Notice of a cross action however is not tantamount to notice of a new lawsuit. When severed, this cause became an entirely separate lawsuit, and the record disclosing no evidence that petitioner was served with process therein, the court was without personal jurisdiction of him and the judgment therefore is void. McKanna v. Edgar, supra, Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (Tex.Com. App.1935—adopted); Rule 107, T.R.C.P.

The judgment of the trial court is reversed and this cause is remanded for trial.

Reversed and remanded.