**Jessie James SMITH, Appellant,**

v.

**Kaffie Marie SMITH, Appellee.**

**No. 7801.**

Court of Civil Appeals of Texas, Beaumont.

March 11, 1976.

Rehearing Denied April 1, 1976.

John L. Fulbright, Beaumont, for appellant.

Ernest J. Browne, Beaumont, for appellee.

KEITH, Justice.

This is a small case with some large difficulties. The basic question presented by this record may be stated in these words: May a party who has appeared by filing responsive pleadings but who does not appear at the hearing upon the merits, obtain a reversal of the judgment merely by showing that he has been deprived of a statement of facts when the appeal is by way of a petition for writ of error? We answer this question in the negative, but we must first dispose of several threshold questions before stating our reasons.

## 1. Jurisdiction of this Court

Plaintiff below, the wife, sought a divorce, custody of a minor child, partition of the property acquired during marriage (as well as an order setting aside to her some property which she claimed to be her separate property), and an allowance of attorney's fees. The defendant husband appeared and answered; but, upon hearing, defendant did not appear and the trial court entered a lengthy written judgment awarding the wife the divorce, custody of the minor child, partitioned the community property, awarded plaintiff the property which she claimed as her separate property,

and ordered defendant to pay plaintiff's attorney's fees and all costs of court. Although a motion for new trial was filed within the thirty-day period following the entry of the decree, there is no showing that it was called to the attention of the court and the appeal is by way of writ of error.

■ The judgment recites that plaintiff appeared at the hearing but contains no similar recitation as to the appearance of the defendant nor does it specifically speak to his presence or absence at the trial.[1] Defendant makes the statement in his brief that he did not appear, and was not present or represented by counsel at the trial. This statement is not categorically denied in the brief of the plaintiff; and, upon oral submission of the cause, plaintiff's counsel declined to dispute the statement so made. *Under Tex.R.Civ.P. 419* we accept defendant's statement as being correct. *Crawford v. Modos*, 465 S.W.2d 220, 222 (Tex.Civ.App.—Beaumont 1971, writ dism'd).

■ Thus, we find from our record that defendant is entitled to prosecute this direct appeal by the writ of error under *Tex. Rev.Civ.Stat.Ann. art. 2249a (1971)*. Defendant, although having appeared and answered, did not participate " 'in the actual trial of the case.' " *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). See also, *Mullen v. Roberts*, 423 S.W.2d 576 (Tex.1968). See also, *Phillips Petroleum Company v. Bivins*, 423 S.W.2d 340 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.), and authorities therein cited.

## 2. The Nature of the Judgment Reviewed

In recent years, two cases by our Supreme Court have done much to blur the distinction, if any, between a default judgment when the defendant wholly fails to appear and answer after valid service, and a judgment entered after the defendant has appeared and answered but does not appear at the trial. This was mentioned in *Mullen v. Roberts*, supra (423 S.W.2d at 579), wherein the Court, paraphrasing a court of civil appeals decision, said: "[T]he term 'judgment by default' is now generally applied to a default made after an appearance, as well as before."

In a recent case, *Frymire Engineering Co., Inc. v. Grantham*, 524 S.W.2d 680, 681 (Tex.1975), the Supreme Court was reviewing an appeal wherein defendant's counsel had deliberately chosen to serve upon a jury instead of appearing at the trial of a cause in which he had answered on behalf of the defendant. The trial court rendered judgment as to liability without proof given at the trial and this action was affirmed by the court of civil appeals. 517 S.W.2d 820, 825.

The Supreme Court disagreed, holding that the general denial, which was still on file in the cause, required plaintiff to prove his case on liability even though the defendant failed to appear at the trial. It continued:

"This is not a true nihil dicit judgment, which is usually limited to situations where (1) the defendant has entered some plea, usually of a dilatory nature, but such plea has not placed the merits of the plaintiff's case in issue, or (2) the defendant has placed the merits of the case in issue by filing an answer, but such answer has been withdrawn. . . . If defendant has filed an answer placing in issue the merits of plaintiff's cause of action, defendant's failure to appear at the trial is neither an abandonment of defendant's answer nor is it an implied confession of any issues thus joined by the defendant's answer." (All citations, including those in footnotes, omitted.)

---

1. The judgment recites: "On this day came on to be heard the above entitled and numbered cause, wherein Kaffie Marie Smith is plaintiff and Jesse James Smith is Defendant, and came the Plaintiff in person and by her attorney of record and the Defendant was duly cited and his attorneys of record filed answers herein, and due notice had been given of the setting of this case to all parties and said cause was duly and regularly set for trial, and said cause was duly set on the non-jury docket; and a jury being waived; and the Court proceeded to hear the pleadings, evidence and argument of counsel," etc.

■ *Frymire* was reversed because the trial court did not hear evidence as to defendant's liability. See also, *Llast v. Emmett*, 526 S.W.2d 288, 291 (Tex.Civ.App.—Tyler 1975, no writ), following *Frymire*, supra, and *Bredeson v. Merrill Lynch, Pierce, Fenner & S., Inc.*, 513 S.W.2d 110, 112 (Tex.Civ.App.—Dallas 1974, no writ). We are of the opinion that this is a default judgment under the cited authorities.

### 3. Scope of Review by Writ of Error

In *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex.1965), the Court restated the rule, saying: "Writ of error affords a review of the same scope as an appeal." See also, *Collins v. Collins*, 464 S.W.2d 910, 912 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.).

■ But, as happens so frequently, the simplicity of the stated rule is subject to restrictions imposed by the courts. One of these is stated in *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965):

> "Since McKanna's mode of review by way of writ of error in the Court of Civil Appeals constitutes a direct attack on the default judgment, the question to be decided is whether there is a lack of jurisdiction *apparent on the face of the record which would vitiate the trial court's judgment.* (Emphasis supplied, citations omitted.)

Accord: *Texaco, Inc. v. McEwen*, 356 S.W.2d 809, 812 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); *Lane Wood Industries, Inc. v. DeMoss*, 489 S.W.2d 673, 675 (Tex.Civ.App.—Austin 1973, no writ); *Day-Bright Lighting Div. v. Texas Metalsmith, Inc.*, 499 S.W.2d 336, 337 (Tex.Civ.App.—Dallas 1973, no writ). See also, *Bankers Life and Casualty Company v. Watson*, 436 S.W.2d 404, 406 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.).

**2.** Moreover, this case firmly establishes the rule that the appealing party is not required to accept the opposing party's narrative version of the evidence presented nor must he rely upon the uncertain memory of the trial judge. (525 S.W.2d at 315)

### 4. Burden Upon the Defaulting Party

In this case, defendant-husband made no effort to even plead a meritorious defense nor did he attempt to excuse his failure to appear at the time of the trial of which he had notice under our record. Instead, he has perfected the appeal by writ of error and has demonstrated that he cannot obtain a statement of facts by which he can challenge the sufficiency of the evidence to support the judgment. His only authority is the recent authoritative case of *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 314 (Tex.Civ.App.—Dallas 1975, writ ref'd):

> "If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence, a new trial may be required in order to preserve his right to review." [2]

In the case at bar, it was shown that the official court reporter did not participate in the hearing and was unable to furnish a statement of facts and the trial judge stated into the record that he had no independent memory of the facts adduced and could not (and would not) attempt to prepare a narrative statement of facts.

However, we do not reach the result sought by the defendant-husband—a reversal and a remand of the cause solely because he cannot obtain a statement of facts for use upon appeal. Instead, following the rationale of our Supreme Court in *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710–711 (1961), we hold that he has not shown his right to a reversal.

Unquestionably, the trial court had jurisdiction of both the subject matter of the suit and of the parties. Thus, this language from *McEwen*, supra, is dispositive:

> "Our construction of the Rule will give a diligent defendant *with a meritorious defense* every opportunity to protect himself against an unwarranted default

In *Morgan Express*, defendant did not file an answer and the appeal was from an order overruling its motion for new trial. It was not a case brought to the appellate court by a petition for writ of error filed after the appearance of the defendant.

judgment. . . . If he does not learn of the judgment within 30 days after its rendition but does learn of it within six months, *and the invalidity of the judgment is disclosed by the papers on file in the case*, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals. . . .

". . . Only if a court had no *jurisdictional power* to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment." (Citations omitted, emphasis supplied.)

The alleged invalidity of the judgment is not disclosed "by the papers on file in the case" and the defendant-husband has not even alleged a meritorious defense nor does he attempt to explain the default. Had he filed a timely motion for new trial, he would have been confronted by the rules so cogently set out in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), and its progeny. Had he sought a bill of review, he would have been subject to the rigorous requirements attendant upon the use of that procedure. See, e. g., *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex.1974).

While we are not unmindful of the decision in *Pace Sports, Inc. v. Davis Brothers Pub. Co., Inc.*, 514 S.W.2d 247, 248 (Tex. 1974) ["Requirements pertaining to relief sought by bill of review are not applicable to applicants for writ of error under Article 2255, V.A.C.S."], we decline the invitation to follow *Morgan Express*, supra, and grant a new trial. To do so would, under these circumstances, give to a defaulting defendant more than he could obtain if he attended the trial and protected his own interests. Under the record which we review, defendant-husband has not shown himself entitled to a reversal of the judgment simply because he cannot obtain a statement of facts for use upon this appeal after his default.

The judgment of the trial court is affirmed.