**Doris MULDOON et al., Appellants,**

v.

**Charles L. MUSGRAVE d/b/a the College Inn, Appellee.**

**No. 17730.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 10, 1976.

Oster & Kaufman, and Aaron S. Kaufman, Dallas, for appellants.

Minor, Jester & Davidge, Miller Davidge, Denton, for appellee.

OPINION

PER CURIAM.

The main question before the Court is the same as was before the Beaumont Court of Civil Appeals in the case of *Smith v. Smith,* 535 S.W.2d 380 (Tex.Civ.App., Beaumont, 1976, reversed December 1, 1976). The question was there stated as follows: "May a party who has appeared by filing responsive pleadings but who does not appear at the hearing upon the merits, obtain a reversal of the judgment merely by showing that he has been deprived of a statement of facts when the appeal is by way of a petition for writ of error?" The Beaumont Court in that case answered that question "No."

We answer the question "Yes" and by the Supreme Court's reversal of the Beaumont court in *Smith v. Smith,* supra, this answer is inescapable.

In this case plaintiff Musgrave filed suit on a sworn account against defendants, Doris Muldoon and Universal Montessori Teacher Training Center seeking to recover the amount of the account plus attorney's fees.

Both defendants filed answers wherein they denied that the account was just or true in whole or in part. The case was thereafter set for trial. Neither defendants nor their lawyers appeared. At trial time the court proceeded to hear plaintiff's evidence and at its conclusion rendered judg-

ment for plaintiff and against the two defendants, jointly and severally, for the sum of $3,020.29, which included $750.00 for attorney's fees.

The defendants have appealed from that decree by writ of error. Defendants have the right to appeal by writ of error because they were not present at the trial and were not represented at the trial by counsel. *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096 (1941), and Arts. Nos. 2249 and 2249a, V.A.T.S.

The parties admit in their briefs that the court reporter did not report the trial. A demand was made on the court reporter by defendants for a statement of facts in connection with this appeal, but he made affidavit that he could not furnish one because the case was not reported.

We reverse and remand.

In the defendants' first three points of error they contend that the judgment should be reversed because the testimony was not recorded and no statement of facts can be obtained by them for a review of the sufficiency of the evidence.

We sustain those points of error.

The law involved on this appeal is fully discussed in the cases of *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App., Dallas, 1975, writ ref.), *Smith v. Smith,* 535 S.W.2d 380 (Tex.Civ. App., Beaumont, 1976), and the opinion of the Supreme Court.

In the *Morgan Express, Inc.* case, supra, the defendant did not file an answer and a default judgment was rendered against him. On the question just stated that court said at page 315: "We conclude that an appellant who was not present and was not represented when the testimony was taken is in no position to agree with his opponent concerning the substance of the testimony, and neither should he be required to rely on the unaided memory of the trial judge, who, though presumably fair, has already decided the merits of the case against appellant. . . . If the court has an official court reporter . . . art. 2324 (Vernon 1971) imposes a mandatory duty on him to

'(a)ttend all sessions of the court,' and to 'take full shorthand notes of all oral testimony offered.' The trial judge has the responsibility to see that this duty is performed. . . . *If the reporter's failure to perform this mandatory duty deprives a party of this right to an adequate review, the case should be remanded for a new trial."* (Emphasis added.)

The judgment in the case before us was signed on March 12, 1975, which was before the effective date of the amendment to Art. 2324, V.A.T.S., "Duty of Reporter." In other words, Art. 2324 was worded at the time the judgment in this case was rendered the same as it was worded when the *Morgan Express, Inc.* case was decided. When this case was tried it was the mandatory duty of the court reporter to report the evidence and the duty of the trial judge to see that it was reported.

Prior to the *Morgan Express, Inc.* case decision, there were two views on the following question: Where appellant was not present nor represented by counsel when the testimony was taken and later discovers that no record was made, must the appellant show in order to obtain a reversal that he was unable to obtain a statement of facts by agreement or by request to the trial judge?

At one time this Court was committed to the line of cases that holds that a defaulting defendant is not entitled to a reversal unless he shows that he was unable to obtain a statement of facts by agreement or by request to the trial judge. See *Parker v. Sabine Valley Lumber Company, Inc.,* 485 S.W.2d 853 (Tex.Civ.App., Fort Worth, 1972, no writ hist.).

When the Supreme Court refused an application for a writ of error in the *Morgan Express, Inc.* case it appeared to be thereby established, from that time on, that the only showing that the appellant must make in order to be entitled to a reversal of a default judgment is that the court reporter's failure to report the evidence in the case has deprived him of an adequate review. It was thus made to appear that this

State then had a settled rule of law to go by on this point.

As stated, in the *Morgan Express, Inc.* case the defendant was served with citation, failed to answer, and a default judgment was rendered against him. In the case before us the defendants filed answers, the case was set for trial, the defendants did not appear at the trial, and were not represented by counsel at the trial, the plaintiff put on his evidence in defendants' absence and the trial court rendered judgment against defendants.

Then comes the decision of the Beaumont Court of Civil Appeals in the case of *Smith v. Smith*, supra, at 535 S.W.2d 380. In the *Smith* case defendant answered and then failed to appear and was not represented at the trial of the merits. Plaintiff did appear. He presented his evidence to the court, and default judgment was rendered against defendant. The Beaumont court recognized that the judgment there rendered was also a default judgment. The appeal in the *Smith* case was by writ of error. The facts in the *Smith* case were the same as the facts in this case.

The *Morgan Express, Inc.* case is different from the *Smith* case and from this case in that there was an ordinary appeal in the *Morgan* case, instead of an appeal by writ of error, and the defendant had wholly failed to answer in the *Morgan* case before the default judgment was rendered. In this case and in the *Smith* case defendants had filed answers and later defaulted by failing to appear at the trial of the merits.

The Beaumont court, in the *Smith* case, held that a defendant who appeared by filing an answer but who was not present or represented at the trial and who appealed by petition for writ of error was not entitled to get the judgment reversed merely by showing that he was deprived of a statement of facts where the trial court had jurisdiction of the subject matter and parties and where the alleged invalidity of the judgment was not disclosed by papers on file in the case, and where the defendant did not allege a meritorious defense or attempt to explain his default.

No occasion was presented in this or the cases cited below to make any distinction between a true judgment by default and a judgment *nihil dicit* (by default) and we may therefore treat the judgment in the case before us and in the *Smith* case, supra, as default judgments, and likewise so treat the judgment in the *Morgan Express, Inc.* case. *Mullen v. Roberts*, 423 S.W.2d 576 (Tex.Sup.,1968) and *Continental Oil & Gas Production Co. v. Austin*, 17 S.W.2d 1114 (Tex.Civ.App., Eastland, 1926, no writ hist.). On the occasion for distinction between judgments by default and *nihil dicit* see *Frymire Engineering Company, Inc.*, 524 S.W.2d 680 (Tex.Sup.,1975).

The court in the case of *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.Sup.,1965) stated: "Writ of error affords a review of the same scope as an appeal."

We hold that because the judgments in the *Smith* case, supra, in this case, and in the *Morgan Express, Inc.* case, supra, are all defaults, and because the appeals by writ of error taken in this and in the *Smith* case afford a review of the same scope as did the regular appeal taken in the *Morgan Express, Inc.* case the same rule that controlled a decision in the *Morgan Express, Inc.* case should control the decision in this case.

When the Supreme Court refused the application for writ of error outright in the *Morgan Express, Inc.* case, supra, it adopted the opinion in that case as its own. *Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W.2d 193 (Tex.Sup., 1962). Where the petition for writ of error is refused outright the Court of Civil Appeals opinion becomes authority of substantially equal dignity as an opinion of the Supreme Court. *Landig Service Insurance Company v. Williams*, 324 S.W.2d 597 (Tex.Civ.App., Waco, 1959, no writ hist.).

It is the constitutional duty of this intermediate appellate court to follow the law as announced in the *Morgan Express, Inc.* case, supra, in view of the fact the Supreme Court refused outright the application for writ of error therein made. 15 Tex.Jur.2d

596, Courts, Sec. 137; *Shivers v. Good Shepherd Hospital, Inc.,* 427 S.W.2d 104 (Tex. Civ.App., Tyler, 1968, ref., n. r. e.); and *Williams v. St. Anthony's Hospital,* 431 S.W.2d 377 (Tex.Civ.App., Amarillo, 1968, ref., n. r. e.).

We therefore hold that a party who has appeared in the trial court by filing responsive pleadings, but does not appear in person or by counsel at the time of the trial of the merits, is entitled to have the judgment reversed merely by showing that he has been deprived of a statement of facts when the appeal is by petition for writ of error.

The judgment is reversed and the cause is remanded to the trial court.