DeWayne Lee SHEPARD, Appellant,

v.

Margaret Alison SHEPARD, Appellee.

No. 17793.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 21, 1977.

Martin, Harrison & Withers, W. Gene Box, Dallas, for appellant.

Jerry A. Garrett, Denton, and Richard S. Podgorski, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

Margaret Alison Shepard, plaintiff, brought suit for divorce and division of property against her husband, DeWayne Lee Shepard, defendant. By trial amendment plaintiff added prayer for relief by way of award of reasonable attorney's fee necessary to be incurred in prosecution of the case. However, at trial the defendant wholly made default, having filed no answer and having made no appearance upon trial. He would have had no notice of the trial amendment.

Trial was to the court without a jury, following which there was prompt rendition of judgment. The court granted the relief for which there had been original prayer, plus relief prayed for in trial amendment by award of $350.00 as attorney's fee. Grant thereof was by *in personam* judgment. In other words, the grant was wholly unrelated to the division made of property.

From this judgment the defendant appealed. He has not filed a brief. As appellee, plaintiff did file her brief.

The judgment is reformed, and as reformed is affirmed.

On hearing before this Court appellant's presentation was primarily based upon the denial of opportunity to have a statement of facts prepared for purposes of appeal by the Official Court Reporter of the trial court. His oral representation was that no court reporter was present upon trial. He had no brief and therefore no point of error by which he requested reversal because of a deprivation of a statement of facts. He insists, however, that the state of the law is such that reversal is compelled because of his inability.

Prior to May 27, 1975, it was obligatory by statute that the Official Court Reporter of a district court of Texas be in attendance upon trial and take full shorthand notes of all oral testimony offered, etc. Tex.Rev. Civ.Stat.Ann. art. 2324 (1971), "Duty of Reporter". By Acts 1975, 64th Leg., p. 826, ch. 319, Sec. 1, effective May 27, 1975, there was amendment of the statute by providing for attendance by the Official Court Reporter "upon request".

■ The above is referenced though we are of the opinion it is immaterial to our disposition whether the amendment, effective May 27, 1975, was part of our law at time of trial (although it was). As a result of the amendment it would appear that reversibility would not automatically be a consequence of the inability to have the Official Court Reporter prepare the statement of facts for purposes of appeal upon request (formerly Texas law by the decisions in *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.-Dallas 1975, writ ref'd); *Smith v. Smith*, Tex., 544 S.W.2d 121 (1976) rev'g, 535 S.W.2d 380 (Tex.Civ.App.-Beaumont 1976) and *Muldoon v. Musgrave*, Tex.Civ.App., 545 S.W.2d 539 (1976).

■ Here we hold appellant's contention immaterial because he has no brief. It would be by his brief that his complaint would be presented in the form of a point of error on appeal. In the absence of his brief there is not fundamental error apparent on the face of the record—in this instance the transcript alone, one which does not even reflect that any statement of facts was requested.

By T.R.C.P. 415, "Briefs: Dismissal for Failure to File", the appellate court is authorized, though not compelled, to dismiss the appeal for want of prosecution, unless good cause is shown for a failure to file the appellant's brief, plus showing that appellee has not suffered material injury by reason of the failure.

■ A court will not dismiss the appeal for failure of the appellant to timely file his brief, even upon the motion of the appellee, where there appears from the face of the record (judgment roll, etc., i. e., the instruments in the transcript) a true question of fundamental error. Upon a determination that there has been fundamental error which vitiates the judgment it should be reversed whether any brief has or has not been filed.

When an appellant's brief has been stricken as untimely filed so that it is not before the court at time for its decision, and where it appears from the record that there is no fundamental error which taints the judgment, the proper order is one of affirmance. *Weaver v. Ham*, 429 S.W.2d 687 (Tex.Civ.App.-Dallas 1968, no writ). The same is true where no appellant's brief is ever filed.

We hold that appellant's inability to obtain a statement of facts from the Official Court Reporter was not fundamental error and that his inability is improper to be considered in any other aspect because of the want of an appellant's brief.

However, we have concluded that there has been fundamental error requiring reversal by the grant of *in personam* judgment for an attorney's fee, entirely without the scope of or in relation to the property division made by the judgment. 3 Tex.Jur.2d Rev., p. 425, "Appeal & Error—Civil Cases", sec. 100, "(Manner of Presenting and Reserving Questions in Lower Court, A. Generally)—Fundamental error as exception to general rule". Indeed, it would appear that a want of "due process of law" is involved in a grant of relief beyond that for which there was any request by pleading served upon the appellant.

Where the trial court has exceeded its jurisdiction in the grant of improper relief, but it is nevertheless possible to preserve a part of the judgment by correcting the same so as to make it conform to the trial court's jurisdiction by elimination of the elements of relief which it had not the authority to award because of a want of jurisdiction, the appellate court may modify the judgment to accomplish that purpose. 4 Tex.Jur.2d Rev. (Part 2), pp. 560–61, "Appeal & Error—Civil Cases", sec. 897, "Modification)—To conform judgment to pleadings and proof", and sec. 898, "(Correction of Errors in Lower Court Judgment)—In general."

There being no other fundamental error in the judgment from which there has been appeal other than the award of attorney's fee, a power beyond and without jurisdiction of the court, the judgment of the trial court is reformed so as to delete therefrom the award of the amount of $350.00 as an attorney's fee to plaintiff/appellee.

As so reformed the judgment is affirmed.

Costs of the appeal are assessed to the extent of 50% of the total thereof against each party.