**MOUNTAIN CORPORATION, Appellant,**

v.

**W.T. ROSE and wife, Pearl Rose, and White Rose Foundation, Appellees.**

No. 08–86–00351–CV

Court of Appeals of Texas, El Paso.

July 8, 1987.

Rehearing Denied Sept. 16, 1987.

William C. Collins, El Paso, for appellant.

Woodrow W. Bean, II and Dick Stengel, El Paso, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from an order overruling a motion for new trial following the entry of a post-answer default judgment in a suit based upon promissory notes and a stock purchase agreement. We reverse and remand for a new trial.

Defendants Mountain Corporation, West Hueco Corporation and W.T. Rose Enterprises, Inc., all filed an answer in this case. The judgment recites that all three, "although duly notified of this trial, did not appear and wholly made default." An order had been entered the preceding day permitting counsel for those defendants to withdraw. Mountain Corporation timely filed a motion for new trial. The only assertion in that motion was that the trial court should have granted a new trial "because no record of the trial was made by an official court reporter and this Defendant is therefore unable to obtain a statement of facts." The motion was overruled and only Mountain Corporation appeals. It was stipulated at the hearing on the motion for new trial that no record was made of the proceedings at the time the default judgment was taken.

The first point of error asserts the trial court erred in denying the motion for new trial. In *Frymire Engineering Company, Inc. v. Granthum,* 524 S.W.2d 680 (Tex. 1975), the Court noted that where the defendant has filed an answer, a failure to appear at the trial is neither an abandonment of its answer nor an implied confession of any issues joined by the answer. The Court held that under those circumstances the plaintiff was required to prove his case even though the defendant failed to appear at the trial. That holding was followed in *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979).

In *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ. App.—Dallas 1975, writ ref'd), the court, in an appeal from a default judgment, held that an appellant who was not present and was not represented when the testimony was taken is in no position to agree to a statement of facts, and if the court report-

er is unable to prepare a statement of facts, the case must be reversed. Subsequently, the Supreme Court of Texas in two writ of error cases held that a petitioner was entitled to a new trial where he was unable to obtain a statement of facts and had not appeared at the hearing in the trial court. *Smith v. Smith,* 544 S.W.2d 121 (Tex.1976), and *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978). Also see: *Muldoon v. Musgrave,* 545 S.W.2d 539 (Tex.Civ.App. —Fort Worth 1976, no writ).

In *Smith v. Sun-Belt Aviation, Ltd.,* 625 S.W.2d 22 (Tex.App.—San Antonio 1981, writ dism'd), the court in a venue case reversed the trial court's order and remanded for a new trial where the appellant was unable to obtain a statement of facts. These and other cases are noted in M. Pohl and D. Hittner, Judgments By Default In Texas, 37 Sw.L.J. 421, at 438 (1983).

The question arises as to whether in an appeal, as opposed to a writ of error, an appellant must comply with the requirements of *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). There is no suggestion in either *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* supra, or *Smith v. Sun-Belt Aviation, Ltd.,* supra, that there was a compliance with the *Craddock* test.

■ We conclude there are at least three basic complaints that may be raised in an appeal from a default judgment. First, an appellant may acknowledge that there was no error in the evidentiary or procedural manner in which a judgment was entered but still seek a new trial asserting his failure to answer or appeal should be excused. In those cases, the *Craddock* rule applies and a new trial may be ordered, even though there was no error in the entry of the judgment. But since the trial was without error, the defendant must excuse his default in not appearing and must show a meritorious defense. This prevents a retrial and the reentry of the same judgment where there is no defense to be asserted, and a new trial would not result in a judgment different from the default judgment being set aside. See: *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966).

■ Second, an appellant may acknowledge he is totally at fault in not answering or appearing for trial and still seek a new trial, because he is unable to obtain a statement of facts to show error in the trial proceedings which resulted in the default judgment. As stated in *Rogers v. Rogers,* supra, the Court's opinion in *Smith v. Smith,* supra, was not based upon the statutory requirements placed upon a court reporter to take the evidence at a default hearing, whether that duty be mandatory or upon request, but rested upon the rule in *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972), where the Court said:

> If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal may be preserved in no other way.

In such an instance, the *Craddock* rule does not apply. See: *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* supra, and *Smith v. Sun-Belt Aviation, Ltd.*

■ Third, an appellant may acknowledge he was totally at fault in not answering or appearing for trial and still seek a new trial based upon errors in the proceedings as shown by the record. If the statement of facts reflects that the evidence does not support the judgment, the judgment must be reversed. If the appellant has answered, the plaintiff in a post-answer default must prove each controverted issue in the case. *Frymire Engineering Company v. Granthum,* supra. If no answer has been filed, each element of the case is admitted except as to unliquidated damages which must be proved by the evidence as shown in the statement of facts. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* supra; Judgments By Default In Texas, supra, at 437. Again, the *Craddock* rule does not apply.

■ In the case at bar, we are presented with the second example where the Appellant exercised due diligence by seeking to obtain a statement of facts and found that no record was made of the proceedings. In

such an instance, the cited cases establish the Appellant's right to a new trial.

The Appellees argue that, because the judgment was approved as to form by Wayne U. Sines, this was a consent judgment and not a default judgment. Although the record reflects that Mr. Sines was president of Mountain Corporation on November 22, 1985, there is nothing to show his position with the corporation on September 17, 1986, when the judgment was signed. Likewise, there is no showing that he approved the judgment as an officer for the corporation. Normally, one who signs without a reflection of a corporate capacity signs in an individual capacity. *Seale v. Nichols,* 505 S.W.2d 251 (Tex. 1974). The judgment itself recites that it was entered after the parties failed to appear and made default. Therefore, we conclude this was not a consent judgment. Point of Error No. One is sustained. It is not necessary that we consider Point of Error No. Two.

The judgment of the trial court is reversed as to Mountain Corporation, and the case is remanded for a new trial as to that defendant.