**BORG–WARNER ACCEPTANCE CORPORATION, Appellant,**

v.

**JUDNELL ENTERPRISES, INC., and George H. Nelson, Jr., Appellees.**

No. 08–89–00257–CV.

Court of Appeals of Texas, El Paso.

Feb. 28, 1990.

J. Patrick Coulson, Lehmann & Associates, Houston, for appellant.

Sylvester Turner, Barnes & Turner, Houston, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal, after a trial on the merits, from an order of the trial court setting aside a prior order granting a default as to liability of these Appellees. We affirm.

The Appellant filed its second amended original petition on February 5, 1988. A temporary restraining order was issued on that date and a hearing for a temporary injunction was set for February 19, 1988. Service of citation was had upon the Appellees on February 10, 1988. The Appellant states in its brief that the temporary injunction was granted and that it was upheld on appeal to the Court of Appeals, First District of Texas. No answer having been filed, the trial court signed a "Default Judgment as to Liability" on June 15, 1988. On July 15, 1988, the two Appellees filed "Defendants' Original Answer" and "Defendants' Motion to Set Aside Default Judgment as to Liability." After the filing of a response to that motion, the trial judge on September 29, 1988, signed an order granting the motion. The case was tried to a jury in September 1988, and based upon findings favorable to the Appellees on issues of liability, a take-nothing judgment was signed on March 16, 1989.

By two points of error, complaint is made that the trial court erred in granting the motion to set aside the interlocutory default judgment because (1) it failed to apply any standard whatsoever in ruling upon the motion, thus constituting an abuse of discretion; and (2) it incorrectly applied the correct standard in ruling upon the motion, thus constituting an abuse of discretion. Appellant states in its brief that the motion was filed during a time when the court

retained jurisdiction over the cause. "However, it is the Court's exercise and eventual abuse of discretion which is questioned." Basically, the argument is made that the standards for deciding whether to set aside a default judgment are based upon the holding in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939), as further explained in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966), and as limited by the holding in *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). If this were an appeal from a default judgment which constituted a final judgment, we would apply the *Craddock* and *Ivy* cases and hold that the trial court erred because there was no pleading of facts to constitute a meritorious defense and no proof offered to raise such an issue. *See Liberty Mutual Fire Insurance Company v. Ybarra*, 751 S.W.2d 615 (Tex.App.–El Paso 1988, no writ); and *Mountain Corporation v. Rose*, 737 S.W.2d 22 (Tex.App.–El Paso 1987, writ denied).

 But, in this case, the judgment was not final when the motion was granted. The determination of liability was still interlocutory because no determination had been made as to damages. Clearly, a trial court has plenary power over its judgment until it becomes final. *Transamerican Leasing Company v. Three Bears, Inc.*, 567 S.W.2d 799 (Tex.1978); *Mathes v. Kelton*, 569 S.W.2d 876 (Tex.1978). Such plenary power is full, complete, absolute and unqualified. *Mesa Agro v. R.C. Dove & Sons*, 584 S.W.2d 506 (Tex.Civ.App.–El Paso 1979, writ ref'd n.r.e.). If such power exists with regard to a judgment, it would be foolish to suggest such power does not extend to all orders in a case. We conclude that the trial court had plenary power over the order granting a default as to liability at the time that order was set aside and, with plenary power, the trial court had broad discretion and cannot be reversed for abuse of discretion in deciding to set aside its prior order. Although the question of what amount of discretion was available to the trial court was not discussed, the Court in *Kone v. Security Finance Co.*, 158 Tex. 445, 313 S.W.2d 281 (1958), recognized the power of the trial court to set aside an interlocutory default judgment and subsequently enter a different judgment. *See also Texas Crushed Stone Company v. Weeks*, 390 S.W.2d 846 (Tex.Civ.App.–Austin 1965, writ ref'd n.r.e.), and 4 R. McDonald, *Texas Civil Practice*, sec. 18.03 at 268 (1984). Points of Error Nos. One and Two are overruled.

The judgment of the trial court is affirmed.